**Exhibit B**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

```
-------------------------------------------------x
                                                 :  Chapter 11
In re:                                           :
                                                 :  Case No. 15-11357 (CSS)
MOLYCORP, INC., et al.,¹                         :
                                                 :  (Jointly Administered)
                    Debtors.                     :
                                                 :
-------------------------------------------------x
```

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING THE PLAN DEBTORS' FOURTH AMENDED JOINT PLAN OF REORGANIZATION

The Court having considered (i) the Plan Debtors' Fourth Amended Joint Plan of Reorganization, dated as of March 28, 2016 [Docket No. 1503] and as further modified and dated April 8, 2016 (as amended, modified, and/or supplemented from time to time, the "**Plan**"), a true and correct copy of which (without exhibits) is attached hereto as Appendix I;[2] (ii) the Second Amended Disclosure Statement for the Debtors' Second Amended Joint Plan of Reorganization, dated as of January 21, 2016 [Docket No. 1154] (including all exhibits thereto and as amended, modified, and/or supplemented from time to time, the "**Disclosure Statement**"); (iii) that certain Order: (A) Approving Disclosure Statement, (B) Approving the Form and Manner of Service of Disclosure Statement Notice, (C) Establishing the Procedures for

---

[1] The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Molycorp, Inc. (1797); Industrial Minerals, LLC; Magnequench, Inc. (1833); Magnequench International, Inc. (7801); Magnequench Limited; Molycorp Advanced Water Technologies, LLC (1628); MCP Callco ULC; MCP Canada Holdings ULC; MCP Canada Limited Partnership; MCP Exchangeco Inc.; Molycorp Chemicals & Oxides, Inc. (8647); Molycorp Luxembourg Holdings S.à r.l.; Molycorp Metals & Alloys, Inc. (9242); Molycorp Minerals Canada ULC; Molycorp Minerals, LLC (4170); Molycorp Rare Metals Holdings, Inc. (4615); Molycorp Rare Metals (Utah), Inc. (7445); Neo International Corp.; PP IV Mountain Pass, Inc. (1205); PP IV Mountain Pass II, Inc. (5361); and RCF IV Speedwagon Inc. (0845).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings assigned to them in the Plan or the Confirmation Brief (as defined below), as applicable. The rules of interpretation set forth in Article I of the Plan, to the extent applicable, shall apply to this Order.

the Solicitation and Tabulation of Votes to Accept or Reject Plan of Reorganization, (D) Scheduling Hearing on Confirmation of Plan of Reorganization, and (E) Approving Procedures for the Assumption of Executory Contracts and Unexpired Leases, entered on January 20, 2016 [Docket No. 1144] (as supplemented by the Supplemental Solicitation Materials Order (as defined below), the "**Disclosure Statement Order**"); (iv) the Notice of Execution of Global Settlement Agreement Among the Debtors, Oaktree, and Official Committee of Unsecured Creditors, dated as of February 22, 2016 [Docket No. 1302]; (v) that certain Order (A) Authorizing Service of Supplemental Solicitation Materials (the "**Supplemental Solicitation Materials**") and (B) Scheduling Certain Revised Dates and Deadlines in Connection with Confirmation of the Plan of Reorganization, entered on March 11, 2016 [Docket No. 1391] (the "**Supplemental Solicitation Materials Order**"); (vi) the Summary of (1) Plan Settlement Agreement, (2) Recent Material Changes to the Plan and (3) Recent Developments in the Chapter 11 Cases and (II) the Debtors Third Amended Joint Plan of Reorganization, dated as of March 11, 2016 [Docket No. 1393] (the "**Summary of Settlement & Plan Changes**"); (vii) the Notice of the Debtors' Intent with Respect to the Molycorp Minerals Debtors, Including the Treatment of Certain Mineral Rights, the Downstream Intellectual Property and Molycorp Silmet AS, dated as of March 18, 2016 [Docket No. 1426]; (viii) the Notice of Intention of the Official Committee of Unsecured Creditors to Seek Bankruptcy Court Approval of Release Provisions Contemplated in the Plan Settlement Agreement at Confirmation Hearing Scheduled on Debtors' Third Amended Joint Plan of Reorganization, dated as of March 18, 2016 [Docket No. 1427]; (ix) the Plan Supplement, dated as of March 18, 2016 [Docket No. 1428] (as amended, supplement, and/or modified, from time to time, including on March 25, 2016 [Docket No. 1491] and March 28, 2016 [Docket No. 1503], the "**Plan Supplement**"); (x) Notice of: (I) 10% Noteholder Group

Settlement among the Ad Hoc 10% Noteholders, the Debtors, Oaktree and the Creditors' Committee (the "**10% Noteholder Group Settlement**"); and (II) Certain Related Matters Regarding Confirmation & Sale Hearing, dated March 25, 2016 [Docket No. 1495] ; (xi) the Joint Declaration of James Daloia and David M. Sharp of Prime Clerk LLC Regarding the Solicitation of Votes and Tabulation of Ballots Cast on the Plan Debtors' Fourth Amended Joint Plan of Reorganization, dated as of March 28, 2016 [Docket No. 1514] (the "**Voting Declaration**"); (xii) the Declaration of Geoffrey R. Bedford, dated as of March 28, 2016 [Docket No. 1508]; (xiii) the Declaration of Kenneth Hiltz, dated as of March 28, 2016 [Docket No. 1509]; (xiv) the Declaration of Alexander Tracy, dated as of March 28, 2016 [Docket No. 1510]; (xv) all other affidavits, declarations, and witness proffers and testimony admitted into evidence at the hearing to consider confirmation of the Plan commenced on March 29, 2016 (the "**Confirmation Hearing**"); (xvi) arguments of counsel presented at the Confirmation Hearing; (xvii) all objections and joinders therein filed with respect to confirmation of the Plan (together with any reservation of rights contained therein, collectively, the "**Objections**"); (xviii) the Debtors' (I) Memorandum of Law in Support of Confirmation of the Plan Debtors' Fourth Amended Joint Plan of Reorganization and (II) Consolidated Reply to Objections to Confirmation of Joint Plan of Reorganization [Docket No. 1505]; (xix) the responses filed by Oaktree [Docket No. 1504], the Creditors' Committee [Docket No. 1502] and the Ad Hoc 10% Noteholders [Docket No. 1516] in support of confirmation of the Plan; (xx) the Memorandum of Law of Official Committee of Unsecured Creditors in Support of Confirmation of Debtors' Third Amended Joint Plan of Reorganization and Approval of Plan Settlement, filed on March 28, 2016 [Docket No. 1502]; and (xxi) other pleadings filed in connection with the confirmation of the Plan; and upon the Court having taken into consideration the docket of the

Debtors' chapter 11 cases maintained by the Clerk of the Court and/or its duly appointed agent, and all pleadings and other documents filed, all orders entered, and evidence and arguments made, proffered or adduced at the hearings held before the Court during the pendency of the Debtors' chapter 11 cases; and the Court having found that due and proper notice has been given with respect to the Confirmation Hearing and the deadlines and procedures for filing objections to the Plan or any aspects thereof; and the appearance of all interested parties having been duly noted on the record of the Confirmation Hearing; and upon the record of the Confirmation Hearing and the Debtors' chapter 11 cases; and after due deliberation thereon, and sufficient cause appearing therefor;

### FINDINGS OF FACT AND CONCLUSIONS OF LAW:[3]

#### JURISDICTION AND VENUE

A.  The Court has jurisdiction over these Chapter 11 Cases and this matter pursuant to 28 U.S.C. § 1334. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.  Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b). The Court has jurisdiction to enter a final order with respect to the confirmation of the Plan, and all matters related thereto, and the Court's exercise of such jurisdiction is proper in all respects. The Debtors are proper debtors under section 109 of the Bankruptcy Code, and the Plan Debtors are proper proponents of the Plan under section 1121(a) of the Bankruptcy Code.

---

[3]  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

-4-

## VOTING ON PLAN

C. In accordance with Section XI.C. of the Plan, the Plan has been withdrawn with respect to the Molycorp Minerals Debtors.

D. Pursuant to and in compliance with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, the Debtors have made certain modifications to the initially proposed plan, as reflected in the version of the Plan filed with the Court prior to the entry of this order (collectively, the "**Plan Modifications**"). The Plan Modifications do not (i) affect the classification of Claims or Interests as to the Plan Debtors, (ii) constitute material modifications of the Plan as to the Plan Debtors, (iii) cause the Plan to fail to meet the requirements of sections 1122 or 1123 of the Bankruptcy Code, (iv) materially and adversely change the treatment of any Claims or Interests (other than any Claims and Interests held by those who have accepted such Plan Modifications in writing or in open court) as to the Plan Debtors, (v) require resolicitation of any holders of Claims or Interests as to the Plan Debtors, or (vi) require that any such holders be afforded an opportunity to change previously cast acceptances or rejections of the Plan. Under these circumstances, the form and manner of notice of the Plan Modifications are adequate, and no other or further notice of the Plan Modifications is necessary or required.

E. As evidenced by the Voting Declaration, votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the local rules for the Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Disclosure Statement Order, the Supplemental Solicitation Materials Order, and all applicable non-bankruptcy laws, rules or regulations.

F. According to the Voting Declaration, (i) 100% in amount and 100% in number of holders of Allowed Claims in Class 3[4] that cast ballots voted to accept the Plan and (ii) all other Classes of Claims entitled to vote have rejected the Plan. All procedures used to tabulate the Ballots were fair, reasonable and complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and all other applicable rules, laws and regulations.

G. The Debtors solicited acceptances of the Plan in good faith and in compliance with the Disclosure Statement Order, the Supplemental Solicitation Materials Order and applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

H. The Debtors and the Creditors' Committee (and each of their respective affiliates and representatives) have complied with the applicable provisions of the Bankruptcy Code with regard to the solicitation of votes and distribution of cash or securities pursuant to the Plan and, therefore, shall not, on account of such solicitation or distribution, be liable at any time for the violation of any applicable law, rule or regulation governing solicitation of acceptances or rejections of the Plan or distributions made pursuant to the Plan.

**PLAN COMPLIES WITH CONFIRMATION REQUIREMENTS
UNDER SECTION 1129 OF THE BANKRUPTCY CODE**

I. <u>Section 1129(a)(1)</u>. The Plan complies with each applicable provision of the Bankruptcy Code. In particular, the Plan, as modified by this Order, complies with the requirements of sections 1122 and 1123 of the Bankruptcy Code as follows:

    1. In accordance with section 1122(a) of the Bankruptcy Code, Article III of the Plan places each Claim against and Interest in each of the Plan Debtors into a Class containing only Claims or Interests substantially similar to such Claim or Interest.

---

[4] Unless otherwise expressly indicated, reference to a particular Class shall include each of its Plan Debtor sub-Classes.

NAI-1500955975v1

2. In accordance with section 1123(a)(1) of the Bankruptcy Code, Article III of the Plan designates a class for each Claim or Interest that requires classification.

3. In accordance with section 1123(a)(2) of the Bankruptcy Code, Article III of the Plan specifies each Class of Claims that is not Impaired under the Plan.

4. In accordance with section 1123(a)(3) of the Bankruptcy Code, Article III of the Plan specifies the treatment of each Class of Claims or Interests that is Impaired under the Plan.

5. In accordance with section 1123(a)(4) of the Bankruptcy Code, Article III of the Plan provides the same treatment for each Claim or Interest in a particular Class unless the holder of such Claim or Interest agrees to less favorable treatment.

6. In accordance with section 1123(a)(5) of the Bankruptcy Code, Article IV of the Plan provides adequate means for its implementation, including, among other things (i) the settlement under Bankruptcy Rule 9019 of all outstanding controversies among the Debtors, the Directors and Officers, the Creditors' Committee, Oaktree and the Ad Hoc 10% Noteholders; (ii) the authorization and issuance of Reorganized Parent Common Equity; (iii) continued corporate existence of certain of the Plan Debtors as Reorganized Plan Debtors and the dissolution of certain other Plan Debtors as part of the Restructuring Transactions; (iv) the creation of new corporate governance documents for the Reorganized Parent, (v) the cancellation of existing securities of the Plan Debtors; (vi) the appointment of the initial directors and officers of the Reorganized Parent and the Reorganized Plan Debtors; and (vii) reinstatement and continuation of certain insurance policies.

7. In accordance with section 1123(a)(6) of the Bankruptcy Code, Section IV.D.4.a of the Plan provides that the New Corporate Governance Documents will contain provisions prohibiting the issuance of non-voting equity securities, to the extent applicable, and providing for the appropriate distribution of voting power among all classes of equity securities authorized for issuance.

8. In accordance with section 1123(a)(7) of the Bankruptcy Code, the Plan contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy regarding the manner of selection of officers and directors of the Reorganized Plan Debtors.

9. In accordance with section 1123(b)(1) of the Bankruptcy Code, Article III of the Plan either impairs or leaves unimpaired Claims and Interests in each Class.

10. In accordance with section 1123(b)(2) of the Bankruptcy Code, Article VI of the Plan provides for the assumption, assumption and assignment, or rejection, as applicable of the Plan Debtors' executory contracts and unexpired leases.

11. Pursuant to section 1123(b)(3)(A) of the Bankruptcy Code, the Plan provides for settlements and adjustments of various Claims and Interests, including all Causes of Action not otherwise released pursuant to the Plan.

12. In accordance with section 1123(b)(3)(B) of the Bankruptcy Code, Section IV.N of the Plan provides that, except as provided in the Plan or in any instrument entered into in connection with the Plan, the Reorganized Plan Debtors will retain and may enforce certain Causes of Action not otherwise released pursuant to the Plan.

13. In accordance with section 1123(b)(5) of the Bankruptcy Code, Article III of the Plan modifies or leaves unaffected, as the case may be, the rights of the holders of Claims in Classes 2, 3, and 4.

14. In accordance with section 1123(b)(6) of the Bankruptcy Code, the Plan includes additional appropriate provisions that are not inconsistent with applicable provisions of the Bankruptcy Code.

J. Section 1129(a)(2). The Debtors have complied with all applicable provisions of the Bankruptcy Code. In particular, the Plan complies with the requirements of sections 1125 and 1126 of the Bankruptcy Code as follows:

1. All persons entitled to receive notice of the Disclosure Statement, the Plan, the Summary of Settlement & Plan Changes, the Plan Supplement, the 10% Noteholder Group Settlement, the Confirmation Hearing, and the other related documents and notices, have received proper, timely and adequate notice in accordance with the Disclosure Statement Order, the Supplemental Solicitation Materials Order, and applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and have had an opportunity to appear and be heard with respect thereto. The notice provided is adequate and sufficient.

2. In transmitting the Plan, the Disclosure Statement, the Summary of Settlement & Plan Changes, the Disclosure Statement Order, the

NAI-1500955975v1

    Supplemental Solicitation Material Order, the Ballots, the Plan Supplement, the 10% Noteholder Group Settlement and related documents and notices, and in soliciting and tabulating the votes cast in respect of the Plan, the Debtors and their agents have complied with the Disclosure Statement Order and the Supplemental Solicitation Materials Order, the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and applicable non-bankruptcy law.

3. Claims in Classes 1, 2, 5D, 8, and 10 are Unimpaired under the Plan, and the holders of Claims and/or Interests in such Classes are deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.

4. Classes 3, 4A, 5A and 5E (i.e., all Classes of Impaired Claims that were entitled to vote were given the opportunity to vote on the Plan).

5. The Plan Debtors have made a final determination of the validity of all votes to accept and reject the Plan cast by the holders of Impaired Claims entitled to vote on the Plan, including the amount and number of accepting and rejecting Claims in Classes 3, 4A, 5A and 5E, and properly tabulated such votes.

6. Each of Classes 3A-3E have accepted the Plan by at least two-thirds in amount and a majority in number of the Claims.

K. Section 1129(a)(3). The Plan has been proposed in good faith and not by any means forbidden by law. In so finding, the Court has considered the totality of the circumstances of the Debtors' chapter 11 cases. The Debtors filed the chapter 11 cases with an honest belief that they were in need of reorganization. The Plan provides the best restructuring alternative available to the Plan Debtors. The Debtors' good faith is evident from the record of their chapter 11 cases, including the Disclosure Statement, the Plan, the Summary of Settlement & Plan Changes, the Plan Supplement, and the record of the Confirmation Hearing. The Plan, as modified by this Order, achieves a fair result, consistent with the objectives and purposes of the Bankruptcy Code.

NAI-1500955975v1

L.  The Plan is the result of extensive, good faith, arm's length negotiations among the Debtors and their principal creditor constituencies — such as Oaktree, the Creditors Committee, National Union Fire Insurance Company of Pittsburgh, Pa., the Directors and Officers, and the Ad Hoc 10% Noteholders — the parties to the 9019 Settlement embodied in the Plan.  All settlements and compromises contained in the Plan of, among other things, Causes of Action, subject to the releases and exculpations provided in Article IX of the Plan, evince a valid exercise of the Debtors' sound business judgment and are fair, reasonable, and in the best interests of the Debtors' Estates.

M.  The Debtors and each of their respective officers, directors, employees, advisors and professionals (i) acted in good faith in negotiating, formulating, and proposing, where applicable, the Plan and the agreements, compromises, settlements, transactions, and transfers contemplated thereby, and (ii) will be acting in good faith in proceeding to (a) consummate the Plan and the agreements, compromises, settlements, transactions, transfers, and documentation contemplated by the Plan, including, but not limited to, the Restructuring Transactions, and the other matters set forth in the Plan Supplement, and (b) take any actions authorized, directed or contemplated by this Order.

N.  Section 1129(a)(4).  In compliance with the requirements of section 1129(a)(4) of the Bankruptcy Code, except as otherwise provided in the Final DIP Order, any payment made or to be made by the Debtors for services or for costs and expenses in, or in connection with, the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, has been approved by, or is subject to the approval of, this Court as reasonable.

O.  Section 1129(a)(5).  To the extent known, the Plan Debtors have disclosed the identity and affiliations of the individuals proposed to serve, after confirmation of the Plan,

as directors and officers of the Reorganized Parent and the Reorganized Plan Debtors; the appointment to, or continuance in, such offices of such individuals is consistent with the interests of the Debtors' creditors and interest holders and with public policy; and the Plan Debtors have disclosed the identity of any insiders who will be employed or retained by the Reorganized Parent or the Reorganized Plan Debtors subsequent to the Effective Date and the nature of any compensation to be paid to such insiders.

P.     Section 1129(a)(6). The Plan does not provide for any changes in rates that require regulatory approval of any governmental agency.

Q.     Section 1129(a)(7). The liquidation analysis set forth in Exhibit 4 to the Disclosure Statement and other evidence proffered or adduced at or prior to, or in declarations filed in connection with, the Confirmation Hearing (i) is reasonable, persuasive and credible, (ii) uses reasonable and appropriate methodologies and assumptions, (iii) has not been controverted by any other evidence, and (iv) conclusively establishes that each holder of an Allowed Claim or Interest in an Impaired Class that has not accepted (or is deemed not to have accepted) the Plan will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that it would have received if each of the Plan Debtors was liquidated under chapter 7 of the Bankruptcy Code on such date.

R.     Section 1129(a)(8). The Plan has not been accepted by all Impaired Classes of Claims and Interests. Pursuant to section 1126(g) of the Bankruptcy Code, the holders of Impaired Claims and Interests in Classes 5B, 6A, 7A-7E, and 9A are deemed to have rejected the Plan. In addition, according to the Voting Declaration, Classes 4A, 5A and 5E have voted to reject the Plan. Nevertheless, the Plan is confirmable because it satisfies the

NAI-1500955975v1

requirements of section 1129(b) of the Bankruptcy Code with respect to each such rejecting Class.

S.  Section 1129(a)(9). Except to the extent that the holder of a particular Claim has agreed to different treatment, the Plan provides treatment for the Administrative Claims (including Fee Claims) and Priority Tax Claims that is consistent with the requirements of section 1129(a)(9) of the Bankruptcy Code.

T.  Section 1129(a)(10). As evidenced by the Voting Declaration, the Plan has been accepted by Classes 3A-3E (i.e., Classes of Impaired Claims that are entitled to vote on the Plan, as determined without including any acceptance by any insider (as that term is defined in section 101(31) of the Bankruptcy Code)).

U.  Section 1129(a)(11). The projections attached to the Disclosure Statement as Exhibits 4, 5, 6, and 7 (i) were the product of a rigorous, top-down and bottom-up planning process, (ii) are reasonable and made in good faith, and (iii) demonstrate that the confirmation of the Plan, except as expressly provided in the Plan, is not likely to be followed by the liquidation or the need for further financial reorganization of the Plan Debtors or the Reorganized Plan Debtors.

V.  Section 1129(a)(12). All fees payable pursuant to section 1930 of title 28 of the United States Code have been paid, and Section II.A of the Plan provides that the Plan Debtors or the Reorganized Plan Debtors, as applicable, will continue paying all such fees for each quarter, including any fraction thereof, until each of the Chapter 11 Cases is converted, dismissed, or closed, whichever comes first.

W.  Section 1129(a)(13). Pursuant to section 1129(a)(13) of the Bankruptcy Code, Article V of the Plan provides that the Reorganized Plan Debtors will continue to pay all

- 12 -

obligations on account of retiree benefits (as such term is used in section 1114 of the Bankruptcy Code) on and after the Effective Date in accordance with applicable law. Unless otherwise ordered by the Court, the Reorganized Plan Debtors shall continue to pay all retiree benefits, as that term is defined in section 1114 of the Bankruptcy Code, at the level established pursuant to subsection (e)(1)(B) or (g) of section 1114 of the Bankruptcy Code, for the duration of the period the applicable Reorganized Plan Debtor has obligated itself to provide such benefits.

X.   Sections 1129(a)(14), 1129(a)(15) and 1129(a)(16). Sections 1129(a)(14), 1129(a)(15) and 1129(a)(16) of the Bankruptcy Code do not apply to the Plan Debtors.

Y.   Section 1129(b). Notwithstanding the fact that the Plan does not comply with section 1129(a)(8) of the Bankruptcy Code, the Plan may still be confirmed because it does not discriminate unfairly and is fair and equitable, with respect to Classes 4A, 5A, 5B, 5E, 6A, 7A through 7E and 9A (i.e., the Classes that are impaired and rejected (or are deemed to reject) the Plan) (the "**Rejecting Classes**").

(1)   Unfair Discrimination. The Plan does not discriminate unfairly with respect to holders of Claims in the Rejecting Classes because such holders are receiving the same treatment as holders of similarly situated Claims against the applicable Plan Debtor.

(2)   Fair and Equitable. The Plan is fair and equitable with respect to each Rejecting Class because (i) it does not provide a recovery on account of any Claim or Interest that is junior to any Class of General Unsecured Claims, and (ii) no holder of a Claim or an Interest in any Class will receive or retain property under the Plan that has a value greater than 100% of such holder's Allowed Claim or Interest.

Z.   Section 1129(c). The Plan is the only plan for which confirmation is being sought in the Chapter 11 Cases.

AA. <u>Section 1129(d)</u>. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act (and no party in interest, including any Governmental Unit (as defined in section 101(27) of the Bankruptcy Code), has requested that the Court deny confirmation of the Plan on the grounds that the Plan fails to satisfy the requirements of section 1129(d) of the Bankruptcy Code).

## BURDEN OF PROOF AND SATISFACTION OF CONFIRMATION REQUIREMENTS

BB. The Plan Debtors, as proponents of the Plan, have met their burden of proving each element of section 1129 of the Bankruptcy Code by a preponderance of the evidence, the applicable evidentiary standard for confirmation.

## OAKTREE'S CLAIMS

CC. Oaktree's Claims shall be Allowed in full as set forth in the Plan and shall not be subject to any avoidance, reductions, set off, offset, recharacterization, subordination (whether equitable, contractual, or otherwise), counterclaims, cross-claims, defenses, disallowance, impairment, or any other challenges under any applicable law or regulation by any Entity in the amount of no less than the Oaktree Maximum Distribution.

## VALUATION

DD. The valuation analysis contained in Exhibit 6 to the Disclosure Statement (and the supporting evidence adduced at the Confirmation Hearing), including the estimated post-emergence enterprise value of the Reorganized Plan Debtors, is (i) reasonable, persuasive, and credible as of the date such analysis was prepared (or such evidence was presented, or proffered) and (ii) uses reasonable and appropriate methodologies and assumptions. All parties in interest have been given the opportunity to challenge the valuation analysis. For all purposes