outstanding exchangeable shares of MCP Exchangeco Inc. are cancelled and extinguished or exchanged for common shares of the Parent stock pursuant to the terms of the governing instruments of such exchangeable shares, and all such shares shall be hereby deemed cancelled and extinguished no later than the Effective Date, subject to the prior satisfaction or waiver of all conditions precedent listed in Section X.B of the Plan in accordance with the terms of the Plan, but no distributions of value of any kind or nature shall be made to holders of any such shares; *provided* that the extinguishment and cancellation of shares shall be deemed null and void if the Effective Date does not occur.

26. Upon entry of this Order, the Debtors are authorized to take all actions necessary to seek an order of the Canadian courts recognizing and giving effect to the Debtors' chapter 11 cases and this Order and/or one or more plans of arrangement in order to effectuate one or more amalgamations involving Debtor entities, subject to the prior satisfaction or waiver of all conditions precedent listed in Section X.B of the Plan in accordance with the terms of the Plan prior to the effectiveness of the amalgamations.

27. Upon entry of this Order, MCP Exchangeco Inc. is hereby authorized to act as Foreign Representative on behalf of the Plan Debtors' Estates in any judicial or other proceeding in the Canadian courts, including the Supreme Court of British Columbia, in Vancouver, British Columbia (the "**Canadian Court**"). As Foreign Representative, MCP Exchangeco Inc. shall be authorized and shall have the power to act in any way permitted by applicable foreign law, including but not limited to: (a) seeking recognition of the Debtors' chapter 11 cases on behalf of its Estate, (b) requesting that the Canadian Court lend assistance to this Court in protecting the property of the Debtors' Estates and (c) any other appropriate relief from the Canadian Court that the Debtors or the Canadian Court deem just and proper and in

furtherance of protecting the Debtors' Estates. This Court requests the aid and assistance of the Canadian Court to recognize the Debtors' chapter 11 cases as "foreign non-main proceedings" and MCP Exchangeco Inc. as Foreign Representative pursuant to the Companies' Creditors Arrangement Act (Canada) and to recognize and give full force and effect in all provinces and territories of Canada to this Order.

28. Subject to the prior satisfaction or waiver of all conditions precedent listed in Section X.B of the Plan in accordance with the terms of the Plan, the Debtors, the Reorganized Parent, and/or the Reorganized Plan Debtors are authorized to take all actions necessary to ensure that the outstanding Interests in the Parent are cancelled and extinguished and all such Interests shall hereby be deemed cancelled and extinguished as of the Effective Date.

29. Subject to the prior satisfaction or waiver of all conditions precedent listed in Section X.B of the Plan in accordance with the terms of the Plan, the Plan Debtors are authorized to take all actions necessary to convert any applicable Plan Debtor into a limited liability company.

30. Subject to the prior satisfaction or waiver of all conditions precedent listed in Section X.B of the Plan in accordance with the terms of the Plan, the Debtors and their Non-Debtor Affiliates are authorized to transfer certain assets, including the equity of other Debtors and Non-Debtor Affiliates to other Debtors and Non-Debtor Affiliates (including newly formed affiliates formed to hold the Debtors' and their Non-Debtor Affiliates' assets) and to open or close any bank or security accounts as may be necessary or appropriate in order to effectuate the Restructuring Transactions.

31. Upon entry of this Order, the Molycorp Minerals Debtors are authorized to transfer, free and clear of all liens, Claims, charges, and other encumbrances, all of the equity

interests in and its intercompany receivable against Molycorp Silmet to the Plan Debtors, a Non-Debtor Affiliate of the Plan Debtors, Reorganized Parent or an entity that, after the Effective Date, will be directly or indirectly controlled by Reorganized Parent, and the Pari Passu Collateral Agent is authorized and directed to take any necessary actions to complete such transfer.

32. Upon entry of this Order, the Reorganized Parent and/or the applicable Reorganized Plan Debtor shall be authorized to make (subject to Oaktree's consent) certain elections for the Debtors and Non-Debtor Affiliates, including the Molycorp Minerals Debtors, to treat such Debtors or Non-Debtor Affiliates as flow-through entities for U.S. federal income tax purposes and to file any and all tax returns (and to take all appropriate positions thereon, including worthlessness deductions) for any Debtor that is dissolved by or before the Effective Date.

33. Subject to the prior satisfaction or waiver of all conditions precedent listed in Section X.B of the Plan in accordance with the terms of the Plan, the Parent and certain other Plan Debtors and Non-Debtor Affiliates will be, or will be deemed to be, dissolved, liquidated or wound-up effective on or before the Effective Date in accordance with the Plan and the Restructuring Transactions. As of the Effective Date, the Reorganized Parent shall directly or indirectly own all of the Reorganized Plan Debtors, other than those dissolved on or prior to the Effective Date.

34. In connection with the dissolution, liquidation on winding up of Parent on the Effective Date and as part of the Restructuring Transactions, any equity interests in Molycorp, Inc. in any Molycorp Minerals Debtor may be extinguished, liquidated or otherwise divested or exited and shall not be transferred to, or assumed by, any Reorganized Plan Debtor.

NAI-1500955975v1

35. Without limiting Section III.B.8.b of the Plan, the dissolution or liquidation of any Plan Debtor pursuant to the Restructuring Transactions shall not (except as determined by the Plan Debtors and Oaktree) be deemed to release any Claim of such Plan Debtor against any other Debtor and such Claim may be (upon the entry of this Order, but subject to the occurrence of the Effective Date, and as determined by the Plan Debtors and Oaktree) be transferred to the Reorganized Parent or applicable Reorganized Plan Debtor.

C. **Exemption From Securities Laws**

36. Pursuant to section 1145 of the Bankruptcy Code, and to the maximum extent provided thereby, except with respect to an entity that is an "underwriter" (as defined in section 1145(b)(1) of the Bankruptcy Code), the offering, issuance of, and distribution under the Plan of any security of the Plan Debtors, any affiliates of the Plan Debtors participating in the Plan, including without limitation the transfer of the Molycorp Silmet Equity, or any successor to the Plan Debtors in exchange for (or principally in exchange for) a Claim against or an Interest in a Plan Debtor (including, without limitation, the Reorganized Parent Common Equity) shall be, upon entry of this Order, but subject to the occurrence of the Effective Date, exempt from the registration and prospectus delivery requirements of section 5 of the Securities Exchange Act of 1933 (as amended) and any applicable state or local law requiring registration for offer or sale of a security or registration or licensing of an issuer of, underwriter of, or broker or dealer in, a security.

D. **Exemption From Certain Taxes and Fees**

37. Pursuant to section 1146(a) of the Bankruptcy Code, upon entry of this Order, the transfers of property pursuant to the Plan and the 9019 Settlements incorporated therein, including the transfer of the Downstream Transferred Assets, if applicable, or any of the

NAI-1500955975v1

Restructuring Transactions (including those set forth in the Restructuring Transactions Exhibit) shall not be subject to any stamp, transfer, mortgage recording, or other similar tax or governmental assessment in the United States. All appropriate state or local governmental officials or agents are hereby directed to forgo the collection of any such tax or governmental assessment and to accept for filing and recordation instruments or other documents in connection with such transfers of property without the payment of any such tax or governmental assessment.

E.     **Vesting and Transfer of Assets**

38.    On the Effective Date, except as otherwise provided herein or in the Plan or any agreement, instrument, or other document incorporated therein, the property of each of the Plan Debtors' Estates (including all Retained Causes of Action not otherwise released pursuant to the terms of the Plan) and any property acquired by any of the Plan Debtors pursuant to the Plan, including in connection with any transfer of assets from the Molycorp Minerals Debtors to any of the Reorganized Parent and/or the Reorganized Plan Debtors, or pursuant to the Restructuring Transactions, shall vest in the Reorganized Parent and each respective Reorganized Plan Debtor or a transferee designated by the Reorganized Parent and/or the Reorganized Plan Debtors (but which designated transferee shall be owned, directly or indirectly, by a Reorganized Plan Debtor (a "**Designated Transferee**")), as applicable, free and clear of all liens, Claims, charges, and other encumbrances. To the extent that a transfer is effectuated by the Plan, including without limitation pursuant to the Restructuring Transactions, such transfer of property to the Reorganized Parent, the Reorganized Plan Debtors or the Designated Transferee, upon entry of this Order, (a) shall be a legal, valid, and effective transfer of property, (b) shall vest the Reorganized Parent, the Reorganized Plan Debtors or the Designated Transferee with good title to such property, free and clear of all liens, charges, Claims, encumbrances, pledges or interests,

except as expressly provided in the Plan or this Order, (c) shall not constitute an avoidable transfer under the Bankruptcy Code or under applicable nonbankruptcy law, and (d) subject to Section IV.G.2 of the Plan shall not subject the Reorganized Parent, any Reorganized Plan Debtor or any such Designated Transferee to any liability by reason of such transfer under the Bankruptcy Code or under applicable nonbankruptcy law, including any laws affecting successor or transferee liability. None of the Reorganized Parent, any Reorganized Plan Debtor, any Designated Transferee, or any of their respective equity holders shall have any liability for any Claim against or arising out of the operations, or cessation of operations of any of the Molycorp Minerals Debtors.

**F.     Discharge of Claims and Interests**

39.     The discharge provision set forth in Section IX.C of the Plan is approved in all respects, is incorporated herein by reference, and shall be immediately effective on the Effective Date without any further order or action by any party. The discharge granted herein and in the Plan, on the Effective Date, shall void any judgment against a Plan Debtor obtained at any time to the extent that such judgment relates to a discharged Claim or Liability.

40.     Except as provided in the Plan or herein, the rights afforded under the Plan and the treatment of Claims against and Interests in any Plan Debtor under the Plan shall be in exchange for, and in complete satisfaction, discharge, and release of, all such Claims and Interests, including any interest accrued on Claims from the Petition Date to the full extent permitted by section 1141 of the Bankruptcy Code. As of the Effective Date, each Plan Debtor shall be discharged from all Claims or other Liabilities against it that arose on or before the Effective Date and all obligations of the kind

- 34 -

NAI-1500955975v1

specified in section 502(g), 502(h) or 502(i) of the Bankruptcy Code to the full extent permitted by section 1141 of the Bankruptcy Code, whether or not (a) a Proof of Claim based on such Claims or Liabilities is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code, (b) such Claims or Liabilities are Allowed pursuant to section 502 of the Bankruptcy Code, or (c) the holder of such Claims or Liabilities has accepted the Plan.

G.  **Releases, Exculpation and Injunction**

41.  **Releases.**  The Releases set forth in Article IX of the Plan, as modified by the terms of this Order, are approved in all respects and shall be immediately effective on the Effective Date without any further order or action by any party.

(a)  *Debtor Release.*

NOTWITHSTANDING ANYTHING CONTAINED IN THE PLAN TO THE CONTRARY, ON AND AS OF THE EFFECTIVE DATE, FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY EACH OF THE RELEASED PARTIES, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, INCLUDING: (1) THE SETTLEMENT, RELEASE, AND COMPROMISE OF DEBT AND INTERESTS, (2) THE SERVICES IN FACILITATING THE RESTRUCTURING AND THE EXPEDITIOUS IMPLEMENTATION OF THE RESTRUCTURING CONTEMPLATED HEREBY, AND (3) ALL OTHER GOOD AND VALUABLE CONSIDERATION PROVIDED BY EACH OF THEM, EACH OF THE PLAN DEBTORS, THE POST-EFFECTIVE DATE PLAN DEBTORS, AS APPLICABLE, AND THE PLAN DEBTORS' ESTATES CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER DISCHARGE AND RELEASE AND WILL BE DEEMED TO HAVE PROVIDED A FULL DISCHARGE AND RELEASE TO EACH RELEASED PARTY AND HOLDERS OF CLAIMS IN CLASS 5 THAT DO NOT OBJECT TO THE PLAN (AND EACH SUCH PARTY WILL BE DEEMED FULLY RELEASED AND DISCHARGED BY THE PLAN DEBTORS, THE POST-EFFECTIVE DATE PLAN DEBTORS, AS APPLICABLE, AND THE PLAN DEBTORS' ESTATES) AND THEIR RESPECTIVE PROPERTY FROM (AND THE PLAN DEBTORS, THEIR ESTATES, AND THE POST-EFFECTIVE DATE PLAN DEBTORS ARE DEEMED TO COVENANT WITH, AND TO, THE RELEASED PARTIES NOT TO SUE OR OTHERWISE SEEK RECOVERY ON ACCOUNT OF) ANY AND ALL CLAIMS, OBLIGATIONS,

NAI-1500955975v1

DEBTS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION (INCLUDING WITHOUT LIMITATION ANY CAUSE OF ACTION IN THE ADVERSARY PROCEEDING OR UNDER ANY STATE OR FEDERAL SECURITIES LAWS AND FRAUDULENT TRANSFER LAWS), REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR WHICH COULD BE ASSERTED ON BEHALF OF THE PLAN DEBTORS OR THEIR ESTATES OR THE POST-EFFECTIVE DATE PLAN DEBTORS, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR ARISING IN THE FUTURE, IN LAW, EQUITY, OR OTHERWISE, THAT ANY OF THE PLAN DEBTORS, THEIR ESTATES, OR THE POST-EFFECTIVE DATE PLAN DEBTORS OR THEIR RESPECTIVE REPRESENTATIVES WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF ANY HOLDER OF CLAIM OR INTEREST OR OTHER ENTITY, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE PLAN DEBTORS, THEIR ESTATES, THE RESTRUCTURING TRANSACTIONS, THE CHAPTER 11 CASES, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE PLAN DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS DEALT WITH IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY PLAN DEBTOR AND ANY RELEASED PARTY, THE RESTRUCTURING OF CLAIMS AND INTERESTS PRIOR TO OR IN THE CHAPTER 11 CASES, THE NEGOTIATION, FORMULATION, OR PREPARATION OF THE DIP FACILITY, THE PLAN, THE DISCLOSURE STATEMENT, THE COMMITTEE SETTLEMENT AGREEMENT, THE 10% NOTEHOLDER GROUP SETTLEMENT, THE PLAN SUPPLEMENT, OR ANY PLAN DOCUMENT OR ANY RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS, OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE. THE FOREGOING "PLAN DEBTOR RELEASE" WILL NOT OPERATE TO WAIVE OR RELEASE ANY CLAIMS, OBLIGATIONS, DEBTS, RIGHTS, SUITS, DAMAGES, REMEDIES, CAUSES OF ACTION, AND LIABILITIES OF ANY PLAN DEBTOR OR ANY RELEASED PARTY (1) ARISING UNDER ANY EXPRESS WRITTEN AGREEMENTS ENTERED INTO PURSUANT TO THE PLAN; OR (2) EXPRESSLY PRESERVED BY THE PLAN, THIS ORDER, THE PLAN SUPPLEMENT, OR RELATED DOCUMENTS, INCLUDING INTERCOMPANY CLAIMS.

(b)     *Third Party Release.*

NOTWITHSTANDING ANYTHING CONTAINED IN THE PLAN TO THE CONTRARY, ON AND EFFECTIVE AS OF THE EFFECTIVE DATE, EACH RELEASING PARTY CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER DISCHARGES

NAI-1500955975v1

AND RELEASES EACH RELEASED PARTY (AND EACH ENTITY SO DISCHARGED AND RELEASED WILL BE DEEMED DISCHARGED AND RELEASED BY THE RELEASING PARTIES) FROM ANY AND ALL CLAIMS, INTERESTS, OBLIGATIONS, DEBTS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION (INCLUDING WITHOUT LIMITATION ANY CAUSE OF ACTION IN THE ADVERSARY PROCEEDING OR UNDER ANY STATE OR FEDERAL SECURITIES LAWS AND FRAUDULENT TRANSFER LAWS), REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR WHICH COULD BE ASSERTED ON BEHALF OF THE PLAN DEBTORS OR THEIR ESTATES OR THE POST-EFFECTIVE DATE PLAN DEBTORS, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR ARISING, IN LAW, EQUITY OR OTHERWISE, THAT SUCH ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY), BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE PLAN DEBTORS, THE CHAPTER 11 CASES, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE PLAN DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS DEALT WITH IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY PLAN DEBTOR AND THE APPLICABLE RELEASING PARTY, THE RESTRUCTURING OF CLAIMS AND INTERESTS PRIOR TO OR IN THE CHAPTER 11 CASES, THE NEGOTIATION, FORMULATION, OR PREPARATION OF THE DIP FACILITY, THE RESTRUCTURING, THE PLAN, THE DISCLOSURE STATEMENT, THE COMMITTEE SETTLEMENT AGREEMENT, THE 10% NOTEHOLDER GROUP SETTLEMENT, THE PLAN DOCUMENTS, THE PLAN SUPPLEMENT, OR RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS. INCLUDING THE DOWNSTREAM BUSINESSES SALE AGREEMENTS (IF APPLICABLE), SOLICITATION OF VOTES WITH RESPECT TO THE PLAN OR UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE RELATED TO THE FOREGOING; PROVIDED, THAT THE FOREGOING "THIRD PARTY RELEASE" SHALL NOT OPERATE TO WAIVE OR RELEASE ANY CLAIMS, OBLIGATIONS, DEBTS, RIGHTS, SUITS, DAMAGES, REMEDIES, CAUSES OF ACTION, AND LIABILITIES OF ANY RELEASING PARTY (1) ARISING UNDER THE PLAN, PRESERVED BY THE PLAN (INCLUDING INTERCOMPANY CLAIMS), THIS ORDER OR ANY AGREEMENT ENTERED INTO PURSUANT TO THE PLAN; OR (2) WITH RESPECT TO PROFESSIONALS' FINAL FEE APPLICATIONS OR FEE CLAIMS IN THE CHAPTER 11 CASES.

(c)   *Molycorp Minerals Debtors Release*

NOTWITHSTANDING ANYTHING CONTAINED HEREIN TO THE

- 37 -

CONTRARY, ON AND AS OF THE EFFECTIVE DATE, FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY EACH OF THE MOLYCORP MINERALS DEBTORS RELEASED PARTIES, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, INCLUDING: (1) THE SETTLEMENT, RELEASE, AND COMPROMISE OF DEBT AND INTERESTS, (2) THE SERVICES IN FACILITATING THE RESTRUCTURING AND THE EXPEDITIOUS IMPLEMENTATION OF THE RESTRUCTURING CONTEMPLATED HEREBY, AND (3) ALL OTHER GOOD AND VALUABLE CONSIDERATION PROVIDED BY EACH OF THEM, EACH OF THE MOLYCORP MINERALS DEBTORS AND THEIR ESTATES CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER DISCHARGE AND RELEASE AND WILL BE DEEMED TO HAVE PROVIDED A FULL DISCHARGE AND RELEASE TO EACH MOLYCORP MINERALS DEBTORS RELEASED PARTY (AND EACH SUCH PARTY WILL BE DEEMED FULLY RELEASED AND DISCHARGED BY THE MOLYCORP MINERALS DEBTORS AND THEIR ESTATES) AND THEIR RESPECTIVE PROPERTY FROM (AND THE MOLYCORP MINERALS DEBTORS AND THEIR ESTATES ARE DEEMED TO COVENANT WITH, AND TO, THE MOLYCORP MINERALS DEBTORS RELEASED PARTIES NOT TO SUE OR OTHERWISE SEEK RECOVERY ON ACCOUNT OF) ANY AND ALL CLAIMS, OBLIGATIONS, DEBTS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION (INCLUDING WITHOUT LIMITATION ANY CAUSE OF ACTION IN THE ADVERSARY PROCEEDING OR UNDER ANY STATE OR FEDERAL SECURITIES LAWS AND FRAUDULENT TRANSFER LAWS), REMEDIES, AND LIABILITIES WHATSOEVER, INCLUDING ANY DERIVATIVE CLAIMS ASSERTED OR WHICH COULD BE ASSERTED ON BEHALF OF THE MOLYCORP MINERALS DEBTORS OR THEIR ESTATES, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, IN LAW, EQUITY, OR OTHERWISE, THAT ANY OF THE MOLYCORP MINERALS DEBTORS, OR THEIR ESTATES, OR THEIR RESPECTIVE REPRESENTATIVES WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF ANY HOLDER OF CLAIM OR INTEREST OR OTHER ENTITY, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART: (A) THE MOLYCORP MINERALS DEBTORS, THEIR ESTATES OR THEIR CHAPTER 11 CASES BEFORE THE DATE OF THE CONFIRMATION ORDER; (B) THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE MOLYCORP MINERALS DEBTORS BEFORE THE DATE OF THE CONFIRMATION ORDER; (C) THE BUSINESS OR CONTRACTUAL ARRANGEMENTS BETWEEN ANY MOLYCORP MINERALS DEBTOR AND ANY MOLYCORP MINERALS DEBTORS RELEASED PARTY BEFORE THE DATE OF THE CONFIRMATION ORDER; (D) THE RESTRUCTURING OF CLAIMS AND INTERESTS PRIOR TO OR IN THEIR CHAPTER 11 CASES BEFORE THE DATE OF THE CONFIRMATION ORDER; (E) THE

NEGOTIATION, FORMULATION, OR PREPARATION OF THE DIP FACILITY, THE PLAN, THE DISCLOSURE STATEMENT, THE COMMITTEE SETTLEMENT AGREEMENT, THE 10% NOTEHOLDER GROUP SETTLEMENT, THE PLAN SUPPLEMENT, OR ANY PLAN DOCUMENT OR ANY RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS; OR (F) UPON ANY OTHER ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCE TAKING PLACE BEFORE THE DATE OF THE CONFIRMATION ORDER. THE FOREGOING "MOLYCORP MINERALS DEBTOR RELEASE" WILL NOT OPERATE TO WAIVE OR RELEASE ANY CLAIMS, OBLIGATIONS, DEBTS, RIGHTS, SUITS, DAMAGES, REMEDIES, CAUSES OF ACTION, AND LIABILITIES OF ANY MOLYCORP MINERALS DEBTOR OR ANY MOLYCORP MINERALS DEBTORS RELEASED PARTY (1) ARISING UNDER ANY EXPRESS WRITTEN AGREEMENTS ENTERED INTO PURSUANT TO THE PLAN; OR (2) EXPRESSLY PRESERVED BY THE PLAN, THIS ORDER, THE PLAN SUPPLEMENT, OR RELATED DOCUMENTS, INCLUDING INTERCOMPANY CLAIMS.

42.     **Exculpation.** The exculpation provision set forth in Section IX.G of the Plan is approved in all respects and shall be immediately effective on the Effective Date without any further order or action by any party.

EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THE PLAN OR PLAN SUPPLEMENT, NO EXCULPATED PARTY SHALL HAVE OR INCUR, AND EACH EXCULPATED PARTY IS HEREBY RELEASED AND EXCULPATED FROM ANY EXCULPATED CLAIM, OBLIGATION, CAUSE OF ACTION OR LIABILITY FOR ANY EXCULPATED CLAIM, EXCEPT FOR ACTUAL FRAUD, GROSS NEGLIGENCE OR WILLFUL MISCONDUCT AS DETERMINED BY FINAL ORDER OF A COURT OF COMPETENT JURISDICTION, BUT IN ALL RESPECTS SUCH ENTITIES SHALL BE ENTITLED TO REASONABLY RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES PURSUANT TO THE PLAN.

43.     **Injunction.** The injunction provision set forth in Section IX.H of the Plan is approved in all respects and shall be immediately effective on the Effective Date without any further order or action by any party.

EXCEPT AS OTHERWISE PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS, INTERESTS, CAUSES OF ACTION, OR LIABILITIES THAT (1) ARE SUBJECT TO COMPROMISE AND SETTLEMENT PURSUANT TO THE TERMS OF THE PLAN; (2) HAVE BEEN RELEASED