Case 15-11371-CSS    Doc 1380    Filed 04/08/16    Page 40 of 65

PURSUANT TO SECTION IX.D OF THE PLAN; (3) HAVE BEEN RELEASED PURSUANT TO SECTION IX.E OF THE PLAN; (4) HAVE BEEN RELEASED PURSUANT TO SECTION IX.F OF THE PLAN; (5) ARE SUBJECT TO EXCULPATION PURSUANT TO SECTION IX.G OF THE PLAN (BUT ONLY TO THE EXTENT OF THE EXCULPATION PROVIDED IN SECTION IX.G OF THE PLAN); OR (5) ARE OTHERWISE STAYED OR TERMINATED PURSUANT TO THE TERMS OF THE PLAN, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE, FROM (1) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND, INCLUDING ON ACCOUNT OF ANY CLAIMS, INTERESTS, CAUSES OF ACTION, OR LIABILITIES THAT HAVE BEEN DISCHARGED, COMPROMISED OR SETTLED AGAINST THE PLAN DEBTORS, THE POST-EFFECTIVE DATE PLAN DEBTORS, OR ANY ENTITY SO DISCHARGED, RELEASED OR EXCULPATED (OR THE PROPERTY OR ESTATE OF ANY ENTITY, DIRECTLY OR INDIRECTLY, SO DISCHARGED, RELEASED OR EXCULPATED) ON ACCOUNT OF, OR IN CONNECTION WITH, OR WITH RESPECT TO, ANY DISCHARGED, RELEASED, SETTLED, COMPROMISED, OR EXCULPATED CLAIMS, INTERESTS, CAUSES OF ACTION OR LIABILITIES; (2) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST THE PLAN DEBTORS, THE POST-EFFECTIVE DATE PLAN DEBTORS, OR ANY ENTITY SO DISCHARGED, RELEASED OR EXCULPATED (OR THE PROPERTY OR ESTATE OF THE PLAN DEBTORS, THE POST-EFFECTIVE DATE PLAN DEBTORS, OR ANY ENTITY SO DISCHARGED, RELEASED OR EXCULPATED) ON ACCOUNT OF, OR IN CONNECTION WITH, OR WITH RESPECT TO, ANY SUCH DISCHARGED, RELEASED, SETTLED, COMPROMISED, OR EXCULPATED CLAIMS, INTERESTS, CAUSES OF ACTION, OR LIABILITIES; (3) CREATING, PERFECTING, OR ENFORCING ANY LIEN, CLAIM, OR ENCUMBRANCE OF ANY KIND AGAINST THE PLAN DEBTORS, THE POST-EFFECTIVE DATE PLAN DEBTORS, OR ANY ENTITY SO DISCHARGED, RELEASED OR EXCULPATED (OR THE PROPERTY OR ESTATE OF THE PLAN DEBTORS, THE POST-EFFECTIVE DATE PLAN DEBTORS, OR ANY ENTITY SO DISCHARGED, RELEASED OR EXCULPATED) ON ACCOUNT OF, OR IN CONNECTION WITH, OR WITH RESPECT TO, ANY SUCH DISCHARGED, RELEASED, SETTLED, COMPROMISED, OR EXCULPATED CLAIMS, INTERESTS, CAUSES OF ACTION, OR LIABILITIES; (4) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM THE PLAN DEBTORS, THE POST-EFFECTIVE DATE PLAN DEBTORS, OR ANY ENTITY SO DISCHARGED, RELEASED OR EXCULPATED (OR THE PROPERTY OR ESTATE OF THE PLAN DEBTORS, THE POST-EFFECTIVE DATE PLAN DEBTORS, OR ANY ENTITY SO DISCHARGED, RELEASED OR EXCULPATED) ON ACCOUNT

OF, OR IN CONNECTION WITH, OR WITH RESPECT TO, ANY SUCH DISCHARGED, RELEASED, SETTLED, COMPROMISED, OR EXCULPATED CLAIMS, INTERESTS, CAUSES OF ACTION, OR LIABILITIES UNLESS SUCH HOLDER HAS OBTAINED ENTRY OF A FINAL ORDER AUTHORIZING SUCH SETOFF AS PROVIDED HEREIN; AND (5) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST THE PLAN DEBTORS, THE POST-EFFECTIVE DATE PLAN DEBTORS, OR ANY ENTITY SO DISCHARGED, RELEASED OR EXCULPATED (OR THE PROPERTY OR ESTATE OF THE PLAN DEBTORS, THE POST-EFFECTIVE DATE PLAN DEBTORS, OR ANY ENTITY SO DISCHARGED, RELEASED OR EXCULPATED) ON ACCOUNT OF, OR IN CONNECTION WITH, OR WITH RESPECT TO, ANY SUCH DISCHARGED, RELEASED, SETTLED, COMPROMISED, OR EXCULPATED CLAIMS, INTERESTS, CAUSES OF ACTION, OR LIABILITIES DISCHARGED, RELEASED, SETTLED, OR COMPROMISED PURSUANT TO THE PLAN.

NOTHING CONTAINED HEREIN WILL (1) PRECLUDE AN ENTITY FROM OBTAINING BENEFITS DIRECTLY AND EXPRESSLY PROVIDED TO SUCH ENTITY PURSUANT TO THE TERMS OF THE PLAN; OR (2) WILL BE CONSTRUED TO PREVENT ANY ENTITY FROM DEFENDING AGAINST CLAIMS OBJECTIONS OR COLLECTION ACTIONS WHETHER BY ASSERTING A RIGHT OF SETOFF, RECOUPMENT OR OTHERWISE TO THE EXTENT PERMITTED BY LAW.

44. Notwithstanding any terms to the contrary in the Plan or this Order, the foregoing releases, discharges, injunctions and exculpations will not operate to waive or release any claims, obligations, debts, rights, suits, damages, remedies, causes of action and liabilities against the Molycorp Minerals Debtors.

45. Notwithstanding any language to the contrary contained in the Disclosure Statement, the Plan, and/or this Order, no provision shall release any non-debtor, including any current and/or former officer and/or director of the Debtors and/or any non-Debtor from liability to the United States Securities and Exchange Commission in connection with any legal action or claim brought by such Governmental Unit against such person(s).

46. Nothing in this Order or the Plan discharges, releases, resolves, exculpates, precludes, or enjoins: (i) any police or regulatory liability to any Governmental Unit that is not a

NAI-1500955975v1

"claim" as defined in 11 U.S.C. § 101(5); (ii) any claim under police or regulatory law of any Governmental Unit arising on or after the Effective Date; (iii) any police or regulatory liability to any Governmental Unit that any entity would be subject to as the owner or operator of property after the Confirmation Date; or (iv) any liability to any Governmental Unit on the part of any person or entity other than the Plan Debtors. Nothing in this Order divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret this Order or to adjudicate any defense asserted under this Order.

47. Nothing in the Plan, this Order, or any document implementing the Plan shall affect any setoff or recoupment rights of the United States.

48. No provision contained herein or in the Plan, or section 1141 of the Bankruptcy Code, shall be construed as discharging, releasing or relieving any party, in any capacity, from any liability with respect to the Magnequench Pension Plan under any law, government policy or regulatory provision. PBGC and the Magnequench Pension Plan shall not be enjoined or precluded from enforcing such liability or responsibility against any party as a result of any of provisions for satisfaction, release, injunction, exculpation, and discharge of claims in the Plan, this Order, the Bankruptcy Code, or any other document filed in any of the Debtors' bankruptcy cases.

49. Nothing in the Plan or this Order (including but not limited to the releases and injunctions contained in Article IX of the Plan) shall, or shall be construed to, (a) discharge, release, enjoin the prosecution of, or otherwise impact any claims asserted in the May 29, 2015 First Amended Complaint (the "**Securities Complaint**"), or to be asserted in any future amended complaint that alleges claims arising during substantially the same class period (February 7, 2011 through November 10, 2011), against any non-debtor Released Parties named or to be named as

defendants in the putative securities class action captioned In re Molycorp, Inc. Securities Litigation, Case No. 1:12-cv-00292-RM-KMT (the "**Securities Litigation**") pending in the United States District Court for the District of Colorado (the "**Colorado District Court**"), (b) relieve any such non-debtor Released Party of liability on account of any such claim, (c) release or otherwise impact any obligation of National Union or any other insurer under any insurance policy providing coverage to or for the benefit of any defendant in the Securities Litigation, for any such claims, or (d) preclude any of the lead or representative plaintiffs in the Securities Litigation (the "**Securities Plaintiffs**") or members of any class certified in the Securities Litigation from conducting discovery of the Debtors, the Reorganized Plan Debtors, or any transferee of the Debtors' Books and Records (as defined below).

50. Notwithstanding any terms to the contrary in the Plan or this Order, (a) Westchester Fire Insurance Company, Ironshore Indemnity Co, Lexon Insurance CO. and Bond Safeguard Insurance Co. (individually and collectively, the "**Sureties**") shall not be deemed to have provided the Third Party Releases under the Plan or this Order, and no injunction provision in the Plan or this Order shall prevent the Sureties from taking any action that would otherwise have been enjoined solely by virtue of the Third Party Releases and (b) any and all rights and interests of the Sureties to the collateral held by the Sureties (including but not limited to set-off rights and/or recoupment rights, if any) whether held as security and /or in trust by the Sureties in connection with the bonds they issued on behalf of one or more Debtors shall not be altered or effected by the Plan or this Order (except as otherwise provided in paragraph 94 of this Order).

## H. Executory Contracts and Unexpired Leases

51. On the Effective Date, this Order shall constitute an order under sections 365 and 1123(b) of the Bankruptcy Code approving the assumption and/or rejection of the Plan Debtors' Executory Contracts and Unexpired Leases in accordance with Article VI of the Plan.

52. Except as otherwise provided in the Plan, as of the Effective Date and upon the payment of the applicable Cure Cost, if any, each Reorganized Plan Debtor shall be deemed to, as of the Effective Date, have assumed (and, if applicable, assigned to the applicable Reorganized Plan Debtor) each Executory Contract and Unexpired Lease to which such Plan Debtor is a party, unless such Executory Contract or Unexpired Lease (i) was previously assumed or rejected, (ii) previously expired or was terminated pursuant to its own terms, (iii) is the subject of a motion or notice to assume or assume and assign Filed on or before the Confirmation Date, or (iv) is designated specifically or by category as an Executory Contract or Unexpired Lease on the Schedule of Rejected Executory Contracts and Unexpired Leases. As of the Effective Date, each such Executory Contract and Unexpired Lease shall be fully enforceable by an applicable Reorganized Plan Debtor, except as such terms have been modified by the order of the Court. Notwithstanding the foregoing or anything else to the contrary herein or in the Plan, the Plan Debtors shall have the right to alter, amend, modify, or supplement the Schedule of Rejected Executory Contracts and Unexpired Leases. Any Executory Contracts and Unexpired Leases of the Parent assumed pursuant to the Plan shall be deemed assumed and assigned to Reorganized Parent or an entity controlled, directly or indirectly, by the Reorganized Parent.

53. As of the Effective Date, all Executory Contracts and Unexpired Leases scheduled for rejection on the Schedule of Rejected Executory Contracts and Unexpired Leases shall be deemed rejected, unless such Executory Contract or Unexpired Lease (i) was previously

NAI-1500955975v1

assumed or rejected; (ii) previously expired or was terminated pursuant to its own terms; (iii) was the subject of a motion or notice to assume or assume and assign Filed on or before the Confirmation Date; or (iv) is designated specifically, or by category, as an Executory Contract or Unexpired Lease on the Schedule of Assumed Executory Contracts and Unexpired Leases.

54. The Executory Contracts and Unexpired Leases of the Molycorp Minerals Debtors scheduled on the Schedule of Assumed Executory Contracts to which any of the Molycorp Minerals Debtors is a party shall constitute Downstream Transferred Assets and shall, upon entry of the Confirmation Order, be deemed assumed and assigned to the Plan Debtors and, upon the Effective Date, assigned to the applicable Reorganized Plan Debtors. Except as otherwise provided in the Plan, as of and subject to the occurrence of the Effective Date and the payment of the applicable Cure Cost, if any, each Executory Contract and Unexpired Lease on the Schedule of Assumed Executory Contracts and Unexpired Leases shall be deemed to have been assumed and assigned from the Plan Debtors to the applicable Reorganized Plan Debtor. Notwithstanding the foregoing or anything else to the contrary herein or in the Plan, the Plan Debtors and/or the Reorganized Plan Debtors shall have the right to alter, amend, modify, or supplement the Schedule of Assumed Executory Contracts and Unexpired Leases.

55. Unless a party to an Executory Contract or Unexpired Lease to be assumed pursuant to the Plan has objected, on or before February 24, 2016, to the applicable Cure Cost set forth in the Notice of Debtors' Intent to Potentially Assume or Assume and Assign Certain Executory Contracts and Unexpired Lease [Docket No. 1231] (the "**Cure Schedule**"), the payment of such Cure Cost shall result in the full release and satisfaction of any Claims or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising

NAI-1500955975v1

under the applicable Executory Contract or Unexpired Lease at any time prior to the effective date of its assumption and assignment. Thereafter, such party shall be (a) forever barred from objecting to the applicable Cure Cost and from asserting any additional cure or other amounts with respect to the relevant contract or lease; (b) deemed to have consented to the assumption and assignment of such contract or lease; and (c) forever barred and estopped from asserting or claiming defaults exist, that conditions to assignment must be satisfied under such Executory Contract or Unexpired Lease or that there is any objection or defense to the assumption of such Executory Contract or Unexpired Lease. Any party to an Executory Contract or Unexpired Lease whose contract or lease is not listed on the Cure Schedule shall be deemed to have a Cure Cost of $0.00. Any disputed Cure Costs shall be determined in accordance with the procedures set forth in Article VI.B of the Plan.

56. All Proofs of Claim based on the rejection of the Executory Contracts or Unexpired Leases under the Plan or otherwise must be Filed with the Prime Clerk no later than the later of (i) thirty (30) days after the effective date of such rejection and (ii) the Claims Bar Date. Any Allowed Claim based of the rejection of any Executory Contract or Unexpired Lease shall, be classified and treated as a General Unsecured Claim under the Plan. Any holder of a Claim for rejection damages for which a Proof of Claim is not timely Filed shall not participate in the distribution on account of such Claim, and such Claim shall be deemed fully satisfied, released, settled, and compromised, and be subject to the provisions of Section IX.H of the Plan.

57. Rejection of any Executory Contract or Unexpired Lease under the Plan or otherwise shall not constitute a termination of any preexisting obligations owed to the applicable Debtors by the counterparty under such Executory Contract or Unexpired Lease, including,

NAI-1500955975v1

without limitation, any warranties or continued maintenance obligations on goods previously acquired or services previously received.

58. Notwithstanding anything to the contrary herein or in the Plan, none of the Debtors, the Reorganized Parent, or Reorganized Plan Debtors shall assume any indemnification obligation in place as of the Effective Date, whether in the Bylaws, Certificates of Incorporation, Limited Liability Agreements, other organizational or formation documents, board resolutions, management or indemnification agreements or employee contracts for the Plan Debtors' current and former Directors and Officers but rather any such obligation shall, to the extent arising out of events which occurred prior to the Petition Date, be treated as a general unsecured claim, subject to the applicable provisions of the Bankruptcy Code.

59. The assumption of any Executory Contract or Unexpired Lease by a Plan Debtor and its assignment to the applicable Reorganized Plan Debtor shall not constitute a change in ownership or change in control under such Executory Contract or Unexpired Lease or employee benefit plan or program.

I. **Directors and Officers of Reorganized Plan Debtors.**

60. Reorganized Parent's initial directors were disclosed in the Plan Supplement. Pursuant to section IV.D.4 of the Plan, the New Board will identify and select the directors for the New Board for each of the direct and indirect subsidiaries of Reorganized Parent, as applicable, and the existing officers of the Debtors as of the Petition Date will remain in their current capacities as officers of the Reorganized Plan Debtors, subject to the ordinary rights and powers of the New Board to remove or replace them in accordance with the New Corporate Governance Documents. Such appointment of the officers and directors of the Reorganized Plan Debtors as of the Effective Date is hereby approved.

J.  **Preservation of Causes of Action.**

61. Except as otherwise provided in the Plan or in any contract, instrument, release, or other agreement entered into, or delivered in connection with, the Plan, in accordance with section 1123(b) of the Bankruptcy Code and to the fullest extent possible under applicable law, the Reorganized Plan Debtors shall retain and may enforce, and will have the sole right to enforce, any claims, demands, rights, and Causes of Action that any Plan Debtor or Plan Debtor's Estate may hold against any Entity other than any Released Party. The Reorganized Plan Debtors may pursue, or not pursue, such retained claims, demands, rights or Causes of Action, as they deem appropriate in their discretion.

62. Upon the Effective Date, all of the Plan Debtors' claims and Causes of Action, including without limitation any Avoidance Actions, against any Holder of Claims in Class 5 shall be released and shall not vest in the Reorganized Plan Debtors; <u>provided, however,</u> that notwithstanding anything to the contrary herein or in the Plan, no such release shall be granted to the Holders of Claims in Class 5 that objected to the Plan.

K.  **Cancellation of Securities and Agreements and Release of Liens**

63. On the Effective Date, except as otherwise specifically provided for herein or in the Plan, the securities and obligations of the Plan Debtors set forth in Section IV.L of the Plan shall be cancelled solely as to the Plan Debtors, and the Reorganized Plan Debtors shall have no continuing obligations thereunder and all such obligations shall be fully released, settled and compromised. Notwithstanding the foregoing, any agreements that are being cancelled hereunder solely as to the Plan Debtors, which governs the rights of the Holders of Claims, shall continue in effect solely for purposes of: (1) allowing such Holders to receive distributions under the Plan; (2) allowing the Convertible Notes Indenture Trustees and the 10% Notes

- 48 -

Indenture Trustee to make the distributions under with the Plan; (3) preserving any rights of the Convertible Notes Indenture Trustees and the 10% Notes Indenture Trustee to payment of fees, expenses, and indemnification obligations solely as against any money or property distributable to the Holders under the relevant agreements, including any rights to priority of payment and/or to exercise charging liens on such distributions; (4) allowing the Convertible Notes Indenture Trustees to enforce any right to payment with respect to the Indenture Trustees Allowed Fee Payment; and (5) allowing the Convertible Notes Indenture Trustees or the 10% Notes Indenture Trustees to appear in the Chapter 11 Cases or any proceeding in which they are or may become a party with respect to items (1) through (4), as applicable.

64. Notwithstanding any provision contained in the Plan to the contrary, distributions pursuant to the Plan and/or the 10% Noteholder Group Settlement to the 10% Noteholders or Oaktree of any cash that is Pari Passu Collateral or cash proceeds of Pari Passu Collateral will be made by the Disbursing Agent to the Pari Passu Collateral Agent, which shall transmit such cash to Holders of Allowed Claims secured by the Pari Passu Collateral in accordance with the terms of the Pari Passu Collateral Agency Agreement; provided, however, that prior to making such distribution to Holders of Allowed Claims secured by the Pari Passu Collateral, the Pari Passu Collateral Agent may reserve an amount up to $100,000 to be held as security and indemnity and applied against all future fees, costs, expenses and liabilities incurred by the Pari Passu Collateral Agent in such capacity. The distribution provisions contained in the Pari Passu Collateral Agency Agreement shall continue in effect to the extent necessary to authorize the Pari Passu Collateral Agent to receive and make distributions to the Holders of Claims secured by the Pari Passu Collateral, as applicable, pursuant to this paragraph, and shall terminate completely solely as to the Plan Debtors upon completion of such distributions.

NAI-1500955975v1

65. Except as otherwise provided in the Plan or in any contract, instrument, release, or other agreement or document created pursuant to the Plan, on the Effective Date and concurrently with the applicable distributions made pursuant to the Plan and, in the case of a Secured Claim, satisfaction in full of the portion of the Secured Claim that is Allowed as of the Effective Date, all mortgages, deeds of trust, liens, pledges, or other security interests of any nature against any property of the Plan Debtors' Estates will be fully released, settled, and compromised, and all rights, titles, and interests of any Holder of such mortgages, deeds of trust, liens, pledges, or other security interests of any nature against any property of the Plan Debtors' Estates will vest in the Reorganized Plan Debtors or their assigns, if applicable. In addition, except as otherwise provided in the Plan, or in any contract, instrument, release, or other agreement or document created pursuant to the Plan, on the Effective Date, subject to and concurrently with satisfaction of the Oaktree Prepetition Claims in accordance with the terms of the Plan, and with respect to Molycorp Silmet subject to the transfer of the Molycorp Silmet Equity contemplated by the Plan and the 10% Noteholder Group Settlement, Oaktree shall release the Non-Debtor Prepetition Oaktree Guarantors from all obligations under the Oaktree Prepetition Facilities and Oaktree Lease Documents. Further, on the Effective Date and concurrently with the satisfaction of the DIP Facility Claims in accordance with the terms of the Plan, the DIP Lenders shall consent to the release of any Claims and the termination of any liens or negative pledges executed or incurred by any Debtor or Non-Debtor Affiliate in connection with the DIP Facility.

66. Notwithstanding anything herein or in the Plan to the contrary, but without limiting in any way the reservation of rights set forth in paragraph 96 below, no Claims that Oaktree may have against any of the Molycorp Minerals Debtors shall be deemed satisfied,

NAI-1500955975v1

cancelled, or discharged, including without limitation, the Oaktree Prepetition Claims nor shall any of the Oaktree Prepetition Facility Documents or the Oaktree Lease Documents, mortgages, deeds of trust, liens, pledges, or other security interests of any nature against any property of the Molycorp Minerals Debtors' Estates (other than in respect of the Molycorp Silmet Equity and the Downstream Transferred Assets) be deemed released, settled, or compromised, and all rights, titles, and interests of Oaktree in respect of such mortgages, deeds of trust, liens, pledges, or other security interests of any nature against any such property of the Molycorp Minerals Debtors shall survive unaltered on or after the Effective Date.

67. Notwithstanding anything herein or in the Plan to the contrary, but without limiting in any way the reservation of rights set forth in paragraph 96 below, nothing herein shall be deemed to satisfy, cancel or discharge any Claims the 10% Notes Indenture Trustee, Pari Passu Collateral Agent or 10% Noteholders have against the Molycorp Minerals Debtors, including without limitation, Claims with respect to the 10% Notes Documents, nor shall any of the 10% Notes Documents, mortgages, deeds of trust, liens, pledges, or other security interests of any nature against any property of the Molycorp Minerals Debtors' Estates (other than in respect of the Molycorp Silmet Equity and the Downstream Transferred Assets) be deemed released, settled, or compromised, and all rights, titles, and interests of 10% Notes Indenture Trustee, the Pari Passu Collateral Agent, or the 10% Noteholders in respect of such mortgages, deeds of trust, liens, pledges, or other security interests of any nature against any such property of the Molycorp Minerals Debtors shall survive unaltered on or after the Effective Date.

L. **Administrative Bar Date**

68. Except as otherwise provided in Article II of the Plan, section 503(b)(1)(D) of the Bankruptcy Code, or orders of this Court, requests for payment of Administrative Claims

(other than (i) DIP Facility Claims, (ii) Fee Claims, (iii) Ordinary Course Administrative Claims, (iv) fees payable pursuant to 28 U.S.C. § 1930 and (v) Claims pursuant to section 503(b)(9) of the Bankruptcy Code) must be Filed and served on the applicable Reorganized Plan Debtor by the first Business Day that is 30 days after the Effective Date or such earlier date as specified in the Bar Date Order for a particular Administrative Claim, subject to any exceptions specifically set forth herein or in the Plan. Such requests for payment must include at a minimum: (i) the name of the applicable Plan Debtor that is purported to be liable for the Administrative Claim and, if the Administrative Claim is asserted against more than one Plan Debtor, the exact amount asserted to be owed by each such Plan Debtor; (ii) the name of the holder of the Administrative Claim; (iii) the asserted amount of the Administrative Claim; (iv) the basis of the Administrative Claim; and (v) supporting documentation for the Administrative Claim. ABSENT FURTHER COURT ORDER, THE HOLDERS OF ADMINISTRATIVE CLAIMS THAT ARE REQUIRED, BUT FAIL, TO FILE AND SERVE A REQUEST FOR PAYMENT OF THEIR ADMINISTRATIVE CLAIMS ON OR BEFORE THE ADMINISTRATIVE CLAIMS BAR DATE SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH ADMINISTRATIVE CLAIMS AGAINST THE DEBTORS, THE REORGANIZED PLAN DEBTORS, ANY OF THEIR SUCCESSORS OR THE PROPERTY OF ANY OF THE FOREGOING.

M. **Professional Fees**

69. Any Professional asserting a Fee Claim for services rendered before the Effective Date must (a) File a Final Fee Application no later than 30 days after the Effective Date and (b) serve it on the Reorganized Plan Debtors and such other Entities required under the Bankruptcy Rules, the Fee Order, this Order, or other order of the Court. Objections to a Fee

NAI-1500955975v1