Course Administrative Claims (other than Intercompany Claims which shall be subject to the treatment set forth in Section III.B.8) in accordance with the terms and conditions of the particular transaction giving rise to each Ordinary Course Administrative Claim. The payment of Ordinary Course Administrative Claims will occur without further action by the Holders of such Ordinary Course Administrative Claims or further approval by the Bankruptcy Court. Holders of the foregoing Ordinary Course Administrative Claims will not be required to File or serve any request for payment of such Administrative Claims.

### 5. Professional Compensation

#### a. Final Fee Applications

Professionals asserting a Fee Claim for services rendered before the Effective Date must (a) File a Final Fee Application no later than 30 days after the Effective Date and (b) serve it on the Post-Effective Date Plan Debtors and such other Entities required under the Bankruptcy Rules, the Fee Order, the Confirmation Order, or other order of the Bankruptcy Court. Objections to any Fee Claim must be Filed and served on the Post-Effective Date Plan Debtors, and the Entity asserting the Fee Claim no later than 60 days after the Effective Date. To the extent necessary to effectuate solely the timing and notice provisions of this Section II.A.5 of the Plan, in the event of a conflict the Confirmation Order will amend and supersede any previously entered order of the Bankruptcy Court. Allowed Fee Claims not paid on or prior to the Effective Date, shall be paid as soon as reasonably practicable after such Fee Claim becomes an Allowed Fee Claim, in full in Cash by the Post-Effective Date Plan Debtors (and may be paid from Cash available at any Reorganized Plan Debtor or Non-Debtor Affiliate or combination thereof, (as determined by the Reorganized Plan Debtors), *provided however* in no event shall such requirement to pay such Allowed Fee Claims from Cash available at any Reorganized Plan Debtor, Non-Debtor Affiliate or combination thereof in any way limit, impair or waive any objection to allowance of any Fee Claim.

Any Entity that may receive compensation or reimbursement of expenses pursuant to the Ordinary Course Professionals Order may continue to receive such compensation and reimbursement of expenses for services rendered before the Effective Date pursuant to the Ordinary Course Professionals Order without further Bankruptcy Court review or approval (except as provided in the Ordinary Course Professionals Order).

#### b. Creditors' Committee Legal Fee Cap

The fees and expenses of the Creditors' Committee's legal professionals incurred on and after the Committee Settlement Effective Date with respect to Creditors' Committee Legal Fee Cap Matters shall be subject to the Creditors' Committee Legal Fee Cap. Any amounts incurred by the Creditors' Committee's legal professionals on and after the Committee Settlement Effective Date with respect to the Creditors' Committee Legal Fee Cap Matters in excess of the Creditors' Committee Legal Fee Cap shall be disallowed unless and until, if the Downstream Businesses Sale Trigger occurs, Oaktree has received payment of the Oaktree Maximum Distribution amount in full in Cash.

Case 15-11387-CSS  Doc 1580-1  Filed 04/08/16  Page 34 of 49

6. **Post-Effective Date Professionals' Fees and Expenses**

Except as otherwise specifically provided in the Plan, on and after the Effective Date, the Post-Effective Date Plan Debtors shall, in the ordinary course of business and without any further notice to or action, order, or approval of the Bankruptcy Court, pay in Cash the reasonable and documented fees and expenses of the Professionals incurred by the Post-Effective Date Plan Debtors on or after the Effective Date, in each case, related to implementation and consummation of the Plan. Upon the Effective Date, any requirement that the Post-Effective Date Plan Debtors' Professionals comply with sections 327 through 331 of the Bankruptcy Code or any order of the Bankruptcy Court entered before the Effective Date governing the retention of, or compensation for services rendered by, the Post-Effective Date Plan Debtors' Professionals after the Effective Date shall terminate, and the Post-Effective Date Plan Debtors may employ or pay any Professional in the ordinary course of business without any further notice to or action, order, or approval of the Bankruptcy Court.

**B.  Administrative Claims Bar Date**

Except as otherwise provided in Article II and section 503(b)(1)(D) of the Bankruptcy Code, requests for payment of Administrative Claims (other than (1) DIP Facility Claims, (2) Fee Claims, (3) Ordinary Course Administrative Claims, (4) fees payable pursuant to 28 U.S.C. § 1930 and (5) Claims pursuant to section 503(b)(9) of the Bankruptcy Code) must be Filed and served on the Post-Effective Date Plan Debtors pursuant to the procedures specified in the Confirmation Order and the notice of entry of the Confirmation Order no later than the Administrative Claims Bar Date. Absent further Court order, Holders of Administrative Claims that are required, but fail, to File and serve a request for payment of such Administrative Claims on or before the Administrative Claims Bar Date will be forever barred, stopped, and enjoined from asserting such Administrative Claims against the Plan Debtors or their property. Objections to a request for the payment of an Administrative Claim, if any, must be Filed and served on the Post-Effective Date Plan Debtors and the Entity asserting such Administrative Claim no later than the Administrative Claims Objection Deadline.

Holders of Claims pursuant to section 503(b)(9) of the Bankruptcy Code against any Plan Debtor must File their Claims by the applicable bar date in the Bar Date Order.

**C.  Priority Tax Claims**

Pursuant to section 1129(a)(9)(C) of the Bankruptcy Code, and unless otherwise agreed by the Post-Effective Date Plan Debtors and the Holder of a Priority Tax Claim, each Holder of an Allowed Priority Tax Claim will receive, at the option of the Plan Debtors (subject to the Oaktree Consent Right) or the Post-Effective Date Plan Debtors, as applicable, in full satisfaction of its Allowed Priority Tax Claim that is due and payable on or before the Effective Date, (i) Cash in an amount equal to the amount of such Allowed Priority Tax Claim or (ii) Cash in the aggregate amount of such Allowed Priority Tax Claim payable in annual equal installments commencing on the later of (a) the Effective Date (or as soon as reasonably practicable thereafter) and (b) the date such Priority Tax Claim becomes an Allowed Priority Tax Claim (or as soon as practicable thereafter) and ending no later than five (5) years after the Petition Date.

Notwithstanding the foregoing, any Claim on account of any penalty arising with respect to, or in connection with, an Allowed Priority Tax Claim that does not compensate the Holder for actual pecuniary loss will be treated as a General Unsecured Claim, and the Holder (other than as the Holder of a General Unsecured Claim) may not assess or attempt to collect such penalty from the Post-Effective Date Plan Debtors or their respective property.

## ARTICLE III.
## CLASSIFICATION OF CLAIMS AND INTERESTS

In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Claims and Priority Tax Claims are not classified and thus are excluded from the Classes of Claims and Interests set forth in this Article III.

### A.    Summary of Classification

Pursuant to sections 1122 and 1123 of the Bankruptcy Code and as set forth herein, the Plan places Claims and Interests in the below Classes for voting and distribution purposes. A Claim or Interest (1) is classified in a particular Class only to the extent that the Claim or Interest qualifies within the description of that Class, and (2) is classified in a different Class to the extent that any remainder of such Claim or Interest qualifies within the description of such other Class. A Claim or Interest is also classified in a particular Class for the purpose of receiving distributions pursuant to the Plan only to the extent that such Claim or Interest is an Allowed Claim or an Allowed Interest in that Class and has not been paid, released, or otherwise satisfied prior to the Effective Date.

Section 1129(a)(10) of the Bankruptcy Code shall be satisfied for the purposes of Confirmation by acceptance of the Plan by an Impaired Class of Claims; provided, however, that in the event no Holder of a Claim with respect to a specific Class for a particular Plan Debtor timely submits a Ballot in compliance with the Disclosure Statement Order indicating acceptance or rejection of this Plan, such Class will be deemed to have accepted this Plan pursuant to the Confirmation Order. The Plan Debtors may seek Confirmation of this Plan pursuant to section 1129(b) of the Bankruptcy Code with respect to any rejecting Class of Claims or Interests.

For administrative convenience, the Plan organizes the Plan Debtors into four (4) groups (each, a "Plan Debtor Group") and assigns a letter to each Plan Debtor Group and a number to each Class of Claims against or Interests in each Plan Debtor in each Plan Debtor Group. Notwithstanding this organizing principle, the Plan is a separate plan of reorganization or liquidation for each Plan Debtor. Claims against or Interests in a Plan Debtor belonging to a Plan Debtor Group consisting of more than one Plan Debtor shall be deemed to be classified in a single Class for all purposes under the Bankruptcy Code, including voting. To the extent a Holder has a Claim that may be asserted against more than one Plan Debtor in a Plan Debtor Group, the vote of such Holder in connection with such Claims shall be counted as a vote of such Claim against each Plan Debtor in such Plan Debtor Group. For consistency, similarly designated Classes of Claims and Interests are assigned the same number across each of the Plan Debtor Groups. Any non-sequential enumeration of the Classes is intentional to maintain consistency. Claims against and Interests in the Plan Debtors are classified as follows:

NAI-1500956096v1

| Letter | Plan Debtor Group |
|---|---|
| A | **Parent**<br>Molycorp, Inc. |
| B | **DIP Facility Guarantors**<br>MCP Callco ULC<br>MCP Exchangeco Inc.<br>Molycorp Luxembourg Holdings S.à r.l. |
| C | [reserved] |
| D | **Downstream Plan Debtors**<br>Magnequench International Inc.<br>Magnequench Limited<br>Magnequench, Inc.<br>MCP Canada Holdings ULC<br>MCP Canada Limited Partnership<br>Molycorp Chemicals & Oxides, Inc.<br>Molycorp Minerals Canada ULC<br>Molycorp Rare Metals Holdings, Inc.<br>Molycorp Rare Metals (Utah), Inc.<br>Neo International Corp. |
| E | **De Minimis Plan Debtors**<br>Molycorp Metals & Alloys, Inc. |

| # | Designation |
|---|---|
| 1 | Other Priority Claims |
| 2 | Other Secured Claims |
| 3 | Oaktree Prepetition Claims |
| 4 | 10% Notes Secured Claims |
| 5 | General Unsecured Claims |
| 6 | Subordinated Convertible Notes Claims |
| 7 | Section 510 Claims |
| 8 | Intercompany Claims |
| 9 | Parent Interests |
| 10 | Subsidiary Plan Debtor Equity Interests |

1. **Class Identification**

The classification of Claims and Interests against each Plan Debtor (as applicable) under the Plan is as set forth below.

| Class(es) | Designation | Impairment | Entitled to Vote |
|---|---|---|---|
| 1A – 1E | Other Priority Claims | Unimpaired | Deemed to Accept |
| 2A – 2E | Other Secured Claims | Unimpaired | Deemed to Accept |
| 3A – 3E | Oaktree Prepetition Claims | Impaired | Entitled to Vote |
| 4A | 10% Notes Secured Claims | Impaired | Entitled to Vote |
| 5A – 5E | General Unsecured Claims | Impaired / Unimpaired[2] | Entitled to Vote / Deemed to Accept / Deemed to Reject |

---

[2] Impairment of General Unsecured Claims varies by individual Debtor. See Section III.B.5 of the Plan and Section I.F of the Disclosure Statement for further information.

NAI-1500956096v1

| 6A | Subordinated Convertible Notes Claims | Impaired | Deemed to Reject |
| 7A – 7E | Section 510 Claims | Impaired | Deemed to Reject |
| 8A – 8E | Intercompany Claims | Unimpaired | Deemed to Accept |
| 9A | Parent Interests | Impaired | Deemed to Reject |
| 10B – 10E | Subsidiary Plan Debtor Equity Interests | Impaired / Unimpaired | Deemed to Accept |

### B. Classified Claims

#### 1. Other Priority Claims (Classes 1A through 1E)

**a.    Classification:** Classes 1A, 1B, 1D and 1E consist of all Other Priority Claims against the respective Plan Debtors.

**b.    Treatment:** Except to the extent that that a Holder of an Allowed Other Priority Claim agrees to a less favorable treatment, each Holder of an Allowed Other Priority Claim shall receive on account of, and in full and complete settlement, release and discharge of such Claim, payment in full in Cash on (i) the Effective Date or as soon thereafter as practicable; (ii) if after the Effective Date, the date on which such Other Priority Claim becomes an Allowed Other Priority Claim or as soon thereafter as practicable; or (iii) such other date as may be ordered by the Bankruptcy Court.

**c.    Voting:** Classes 1A, 1B, 1D and 1E are Unimpaired. Each Holder of an Allowed Other Priority Claim is conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code. Holders of Other Priority Claims are not entitled to vote to accept or reject the Plan.

#### 2. Other Secured Claims (Classes 2A through 2E)

**a.    Classification:** Classes 2A, 2B, 2D and 2E consist of all Other Secured Claims against the respective Plan Debtors.

**b.    Treatment:** Except to the extent that a Holder of an Allowed Other Secured Claim agrees to a less favorable treatment, each Holder of an Allowed Other Secured Claim shall receive, at the option of the Plan Debtors (and subject to the Oaktree Consent Right) or the Post-Effective Date Plan Debtors (as applicable), the following treatment:

NAI-1500956096v1

(i) payment in full in Cash, including the payment of any interest required under section 506(b) of the Bankruptcy Code, on the Effective Date or as soon as practicable thereafter or, if payment is not then due, in accordance with the payment terms of any applicable agreement;

(ii) receipt of the collateral securing any such Allowed Other Secured Claim and payment of any interest required under section 506(b) of the Bankruptcy Code, each on the Effective Date or as soon thereafter as reasonably practicable; or

(iii) such other treatment that renders an Allowed Other Secured Claim Unimpaired on the later of the Effective Date and the date on which such Other Secured Claim becomes an Allowed Other Secured Claim.

c. **Voting:** Classes 2A, 2B, 2D and 2E are Unimpaired. Holders of Other Secured Claims conclusively are presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code. Holders of Other Secured Claims are not entitled to vote to accept or reject the Plan.

3. **Oaktree Prepetition Claims (Classes 3A through 3E)**

a. **Classification:** Classes 3A, 3B, 3D and 3E consist of all Oaktree Prepetition Claims.

b. **Allowance:** On the Effective Date, the Oaktree Prepetition Claims shall be Allowed in full and shall not be subject to any avoidance, reductions, set off, offset, recharacterization, subordination (whether equitable, contractual, or otherwise), counterclaims, cross-claims, defenses, disallowance, impairment, or any other challenges under any applicable law or regulation by any Entity, subject to the terms and conditions of the Committee Settlement Agreement. The Oaktree Prepetition Claims shall be Allowed in the aggregate amount of no less than $385,941,936.97, plus accrued but unpaid interest, professionals' fees that have accrued through the Effective Date, and expenses arising under the Oaktree Prepetition Facilities, the Oaktree Lease Documents, and the DIP Order, and which shall include the Oaktree Early Payment Premium Claims in the amount of no less than $113,704,568.78, subject to the terms and conditions of the Committee Settlement Agreement.

c. **Treatment:**

(i) If the Downstream Businesses Sale Trigger does not occur, subject to the terms and conditions of the Committee Settlement Agreement, Holders of the Oaktree Prepetition Claims shall receive on the Effective Date, or as soon thereafter as reasonably practicable, in full and final satisfaction, settlement, release and discharge of, and in exchange for, such Claims, their Pro Rata share of the Oaktree Stand-Alone Reorganization Distribution. Any Cash that the Holders of the Oaktree Prepetition Claims are entitled to on account of the Oaktree Molycorp, Inc. Downstream Intercompany Allocation will be contributed to the Reorganized Plan Debtors.

(ii)    If the Downstream Businesses Sale Trigger occurs, subject to the terms and conditions of the Committee Settlement Agreement, Holders of the Oaktree Prepetition Claims shall receive on the Effective Date in full and final satisfaction, settlement, release and discharge of, and in exchange for, such Claims, their Pro Rata share of the Oaktree Downstream Businesses Sale Distribution.

(iii)   Prior to the Effective Date, all reasonable and documented fees and expenses incurred by Oaktree in connection with or related to the Plan Debtors, the Reorganized Plan Debtors, the Chapter 11 Cases, the Oaktree Prepetition Facilities and the Oaktree Lease Documents shall be paid in Cash in accordance with the terms of the DIP Order.

(iv)    Oaktree shall not be entitled to receive more than the Oaktree Maximum Distribution.

(v)     Notwithstanding anything herein to the contrary, nothing herein shall be deemed to satisfy, cancel, or discharge any Claims that Oaktree has against the Molycorp Minerals Debtors, including without limitation, the Oaktree Prepetition Claims.

**d.     Voting:** Classes 3A, 3B, 3D and 3E are Impaired. Holders of Allowed Claims in Classes 3A, 3B, 3D and 3E are entitled to vote to accept or reject the Plan.

4.      **10% Notes Secured Claims (Class 4A)**

**a.     Classification:** Class 4A consists of all 10% Notes Secured Claims.

**b.     Allowance:** Subject to the terms and conditions of the 10% Noteholder Group Settlement, the 10% Notes Claims shall be allowed in the amount of $687.2 million.

**c.     Treatment:**

(i)     Holders of Allowed 10% Notes Secured Claims in Class 4A shall receive their Pro Rata share of (A) 64.71% of the Molycorp, Inc. Downstream Intercompany Amount and (B) if the Downstream Businesses Sale Trigger occurs, the net remaining portion of the Downstream Businesses Sale Net Proceeds that are allocable to the 10% Notes Secured Claims following satisfaction of all the DIP Facility Claims, the Oaktree Prepetition Claims and all other structurally senior Claims or Interests with respect to such proceeds.

(ii)    On the Effective Date, the fees and expenses of the 10% Notes Indenture Trustee shall be paid from the cash recovery allocable to the 10% Noteholders on account of their allowed secured claim.

(iii)   Notwithstanding anything herein to the contrary, nothing herein shall be deemed to satisfy, cancel or discharge any Claims the 10% Notes Indenture Trustee, Pari Passu Collateral Agent or 10% Noteholders have against the Molycorp Minerals Debtors, including without limitation, Claims with respect to the 10% Notes Documents.

**d.     Voting:** Class 4A is Impaired. Holders of Allowed Claims in Class 4A are entitled to vote to accept or reject the Plan.

-33-

5. **General Unsecured Claims (Classes 5A, 5B, 5D and 5E)**

a. **Classification:** Classes 5A, 5B, 5D and 5E consist of all General Unsecured Claims.

b. **Allowance:**

(i) Subject to the terms and conditions of the Committee Settlement Agreement, (a) the Convertible Notes Claims with respect to the 3.25% Convertible Senior Notes due 2016 shall be allowed in the amount of $210,051,095.97, (b) the Convertible Notes Claims with respect to the 6.00% Convertible Senior Notes due 2017 shall be allowed in the amount of $390,262,734.00, and (c) the Convertible Notes Claims with respect to the 5.50% Convertible Senior Notes due 2018 shall be allowed in the amount of $152,215,658.00. The 10% Notes Deficiency Claim shall be allowed in the amount of $680.7 million.

c. **Treatment:**

(i) Unless otherwise agreed by the Holder of an Allowed General Unsecured Claim and the applicable Plan Debtor or Post-Effective Date Plan Debtors, as applicable, each Holder of an Allowed General Unsecured Claim in Classes 5A, 5B (in the event of a Downstream Businesses Sale), 5D and 5E shall receive, in each case subject to the terms and conditions of the Committee Settlement Agreement, in full satisfaction, settlement, release and discharge of such Claim, a distribution equal to the following:

> A. (1) in the case of each Holder of an Allowed General Unsecured Claim in Class 5A:
>
>> (a) if the Downstream Businesses Sale Trigger occurs, its Pro Rata share of: (i) the Class 5A Sale Distribution; (ii) the Class 5A Insurance Payment; and (iii) notwithstanding anything to the contrary in Section III.B.4.c all other remaining value of the Plan Debtors' Estates remaining after (1) receipt of payment by Oaktree of the Oaktree Maximum Distribution, and (2) payment pursuant to the terms hereof in full in Cash of the (i) Administrative Claims (other than the DIP Facility Claims), (ii) Priority Tax Claims, (iii) Other Priority Claims, (iv) General Unsecured Claims against the Downstream Plan Debtors, (v) the Wind-down Reserve and (vi) any other Allowed Claims or Interests to the extent senior in priority of payment to Class 5A Claims; and
>>
>> (b) if the Downstream Businesses Sale Trigger does not occur, its Pro Rata share of the: (i) Class 5A Stand-Alone Distribution and (ii) Class 5A Insurance Payment; *provided*, that each Holder of an Allowed Claim in Class 5A in an amount less than $1,000,000 shall be a Class 5 Cash Out Creditor if they fail to opt-out of receiving Cash

-34-

                instead of Class 5A Equity by and pursuant to the Class 5A Cash Election Procedure and Deadline.

    B.    in the case of each Holder of an Allowed General Unsecured Claim in Class 5B, (1) if the Downstream Businesses Sale Trigger occurs, Cash equal to 100% of the Allowed General Unsecured Claim within 60 days after the later of: (a) the Effective Date of the Plan, and (b) the date on which the Claim is Allowed by order of the Bankruptcy Court, and (2) if the Downstream Businesses Sale Trigger does not occur, no distributions shall be made.

    C.    in the case of each Holder of an Allowed General Unsecured Claim in Class 5D, Cash equal to 100% of the Allowed General Unsecured Claim within 60 days after the later of: (1) the Effective Date of the Plan, and (2) the date on which the Claim is Allowed by order of the Bankruptcy Court;

    D.    in the case of each Holder of an Allowed General Unsecured Claim in Class 5E against Molycorp Metals & Alloys, Inc., a Pro Rata share of Cash equal to such Holder's Pro Rata share of the value of the assets of Molycorp Metals & Alloys, Inc., after satisfaction of such Plan Debtor's Secured Claims, Priority Claims and Administrative Claims in accordance with the priorities of the Bankruptcy Code, and payable within 60 days after the later of: (a) the Effective Date of the Plan, and (b) the date on which the Claim is Allowed by order of the Bankruptcy Court..

    **d.**    **Voting:** Classes 5A, 5B and 5E are Impaired. Holders of Allowed Claims in Class 5A are entitled to vote to accept or reject the Plan. Holders of Allowed Claims in Class 5E against Molycorp Metals & Alloys, Inc. are entitled to vote to accept or reject the Plan. Holders of Allowed Claims in Class 5D are Unimpaired and are conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code and therefore are not entitled to vote to accept or reject the Plan. If the Downstream Businesses Sale Trigger does not occur, Holders of Allowed Claims in Class 5B are Impaired and are conclusively presumed to have rejected the Plan under section 1126(g) of the Bankruptcy Code. If the Downstream Businesses Sale Trigger does occur, Holders of Allowed Claims in Class 5B are Unimpaired and are conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code. In either case, Holders of Allowed Claims in Class 5B are not entitled to vote to accept or reject the Plan. All other Holders of Allowed General Unsecured Claims are conclusively presumed to have rejected the Plan under section 1126(g) of the Bankruptcy Code and therefore are not entitled to vote to accept or reject the Plan.

    6.    **Subordinated Convertible Notes Claims (Class 6A)**

        **a.**    **Classification:** Class 6A consists of all Subordinated Convertible Notes Claims.

-35-

    b.  **Treatment:** Holders of Subordinated Convertible Notes Claims will receive no distributions under the Plan on account of such Claims.

    c.  **Voting:** Class 6A is Impaired. Holders of Subordinated Convertible Notes Claims are deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. Holders of Subordinated Convertible Notes Claims are not entitled to vote to accept or reject the Plan.

   7.  **Section 510(b) Claims (Classes 7A, 7B, 7D and 7E)**

    a.  **Classification:** Classes 7A, 7B, 7D and 7E consist of all Section 510(b) Claims.

    b.  **Treatment:** Holders of Section 510(b) Claims will receive no distributions under the Plan on account of such Claims.

    c.  **Voting:** Classes 7A, 7B, 7D and 7E are Impaired. Holders of Section 510(b) Claims are deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. Holders of Section 510(b) Claims are not entitled to vote to accept or reject the Plan.

   8.  **Intercompany Claims (Classes 8A, 8B, 8D and 8E)**

    a.  **Classification:** Classes 8A, 8B, 8D and 8E consist of all Intercompany Claims.

    b.  **Treatment:** No property will be distributed to the Holders of Allowed Intercompany Claims. The Plan shall take into account all Allowed Intercompany Claims when calculating distributions to be made to third party creditors. Pursuant to the 9019 Settlement, except to the extent ordered by the Court at or prior to the Confirmation Hearing, the Recharacterized Intercompany Claims will be deemed recharacterized as equity solely for purposes of calculating distributions to third party creditors under this Plan; *provided* that the Debtors may determine, in good faith, not to support the recharacterization of the Recharacterized Intercompany Claims as part of the 9019 Settlement, *provided, further, however*, the Creditors' Committee shall retain the right to seek to recharacterize the Recharacterized Intercompany Claims irrespective of the Debtors' determination. Notwithstanding the foregoing treatment of Intercompany Claims solely for purposes of calculating distributions to third-party creditors, at the Plan Debtors' (subject to the Oaktree Consent Right) or Post-Effective Date Plan Debtors' option, as applicable, Intercompany Claims shall (i) be reinstated on the Effective Date, (ii) receive no distribution or (iii) be eliminated on the Effective Date, including by way of capital contribution.

    c.  **Voting:** Holders of Intercompany Claims are deemed to have accepted the Plan.

   9.  **Parent Interests (Class 9A)**

    a.  **Classification:** Class 9A consists of all Parent Interests.

NAI-1500956096v1