paragraph will not (i) be treated as a Holder of a Claim hereunder, (ii) be permitted to vote to accept or reject the Plan, or (iii) participate in any distribution in the Chapter 11 Cases on account of such Claim, and such Claim will be deemed fully satisfied, released, settled, and compromised and be subject to the provisions of Section IX.G of the Plan, notwithstanding anything in the Schedules or a Proof of Claim to the contrary.

### D.  Preexisting Obligations to the Plan Debtors Under Executory Contracts or Unexpired Leases

Rejection or repudiation of any Executory Contract or Unexpired Lease pursuant to the Plan or otherwise will not constitute a termination of preexisting obligations owed to the Plan Debtors under such contracts or leases. In particular, notwithstanding any non-bankruptcy law to the contrary, the Plan Debtors expressly reserve and do not waive any right to receive, or any continuing obligation of a counterparty to provide, warranties or continued maintenance obligations on goods previously purchased, or services previously received, by the contracting Plan Debtors from counterparties to rejected or repudiated Executory Contracts or Unexpired Leases.

### E.  Modifications, Amendments, Supplements, Restatements, or Other Agreements

Unless otherwise provided in the Plan, each assumed Executory Contract or Unexpired Lease will include all modifications, amendments, supplements, restatements, or other agreements that in any manner affect such Executory Contract or Unexpired Lease, and all Executory Contracts or Unexpired Leases related thereto, if any, including all easements, licenses, permits, rights, privileges, immunities, options, rights of first refusal, and any other interests, unless any of the foregoing agreements has been previously rejected or repudiated or is rejected or repudiated under the Plan. Modifications, amendments, supplements, and restatements to prepetition Executory Contracts and Unexpired Leases that have been executed by the Plan Debtors during the Chapter 11 Cases will not be deemed to alter the prepetition nature of the Executory Contract or Unexpired Lease, or the validity, priority, or amount of any Claims that may arise in connection therewith.

### F.  Assignments Related to the Restructuring Transactions

As of the effective time of an applicable Restructuring Transaction, any Executory Contract or Unexpired Lease to be held by any Plan Debtor or another surviving, resulting, or acquiring Entity in an applicable Restructuring Transaction, will be deemed assigned to the applicable Entity, pursuant to section 365 of the Bankruptcy Code.

## ARTICLE VII.
## PROVISIONS GOVERNING DISTRIBUTIONS

### A.  Timing and Calculation of Amounts to be Distributed

Except as otherwise provided in the Plan, on the Effective Date, or as soon as reasonably practicable thereafter, each Holder of an Allowed Claim against the Plan Debtors will receive the full amount of the distributions that the Plan provides for Allowed Claims in the applicable Class from the Disbursing Agent. On each Distribution Date, Distributions also will be made, pursuant

-63-

to Section VIII.B, to Holders of Claims that previously were Disputed Claims that were allowed after the most recent Distribution Date. Such periodic Distributions also shall be in the full amount that the Plan provides for Allowed Claims in the applicable Class. Distribution Dates shall occur no less frequently than once per year.

In the event that any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but will be deemed to have been completed as of the required date. If, and to the extent that, there are Disputed Claims, distributions on account of any such Disputed Claims will be made pursuant to the provisions set forth in Article VIII. Except as otherwise provided herein, Holders of Claims will not be entitled to interest, dividends, or accruals on the distributions provided for herein, regardless of whether such distributions are delivered on or at any time after the Effective Date.

Reorganized Parent Common Equity will be deemed to be issued as of the Effective Date to the Holders of Claims entitled to receive Reorganized Parent Common Equity hereunder without the need for further action by any Disbursing Agent, Reorganized Parent, or any other Plan Debtor, including without limitation the issuance or delivery (or both) of any certificate evidencing any such shares, units, or interests, as applicable, of Reorganized Parent Common Equity.

### B. Distribution on Account of Claims Allowed After the Effective Date

Distributions to Holders of Claims that become Allowed Claims after the Effective Date will be made in accordance with this Article VII. Distributions made after the Effective Date to Holders of Disputed Claims that are not Allowed Claims as of the Effective Date, but which later become Allowed Claims will be deemed to have been made on the Effective Date.

### C. Rights and Powers of Disbursing Agent

#### 1. Powers of the Disbursing Agent

The Disbursing Agent will be empowered to, as applicable, (a) affect all actions and execute all agreements, instruments, and other documents necessary to perform its duties under the Plan; (b) make all distributions contemplated under the Plan; (c) employ professionals to represent it with respect to its responsibilities; and (d) exercise such other powers as may be vested in the Disbursing Agent by order of the Bankruptcy Court, pursuant to the Plan, or as deemed by the Disbursing Agent to be necessary and proper to implement the provisions hereof. A Disbursing Agent will not be required to give any bond or surety or other security for the performance of its duties unless otherwise ordered by the Bankruptcy Court.

#### 2. Expenses Incurred On or After the Effective Date

Except as otherwise ordered by the Bankruptcy Court, the amount of any reasonable fees and expenses incurred by the Disbursing Agent after the Effective Date (including taxes) and any reasonable compensation and expense reimbursement Claims (including reasonable attorney fees and expenses) made by the Disbursing Agent will be paid in Cash by the Post-Effective Date

-64-

Plan Debtors.

D. **Delivery of Distributions and Undeliverable or Unclaimed Distributions**

1. **Delivery of Distributions**

Distributions to holders of Allowed Claims will be made by a Disbursing Agent (a) at the addresses set forth on the respective proofs of Claim Filed by holders of such Claims; (b) at the addresses set forth in any written certification of address change delivered to the Disbursing Agent (including pursuant to a letter of transmittal delivered to a Disbursing Agent) after the date of Filing of any related Proof of Claim; (c) at the addresses reflected in the applicable Plan Debtor's Schedules if no Proof of Claim has been Filed and the Disbursing Agent has not received a written notice of a change of address; or (d) if clauses (a) through (c) are not applicable, at the last address directed by such Holder in a Filing made after such Claim becomes an Allowed Claim.

Distributions to Oaktree or such Entity as otherwise designated by Oaktree will (a) be made by the Disbursing Agent to Oaktree or such Entity as otherwise designated by Oaktree for the benefit of Oaktree and (b) be deemed completed when received by Oaktree or such Entity as otherwise designated by Oaktree; provided, however that unless otherwise agreed to the by the DIP Facility Agent, distributions to Holders of DIP Facility Claims will (a) be made by the Disbursing Agent to the DIP Facility Agent for the benefit of Holders of DIP Facility Claims and (b) be deemed completed when made by the Disbursing Agent to the DIP Facility Agent.

Distributions to Holders of 10% Notes Claims will (a) be made by the Disbursing Agent to the Pari Passu Collateral Agent or the 10% Notes Indenture Trustee, as applicable, for the benefit of Holders of 10% Notes Claims and (b) be deemed completed when made by the Disbursing Agent to the Pari Passu Collateral Agent or the 10% Notes Indenture Trustee, as applicable.

Notwithstanding any provision contained in this Plan to the contrary, distributions pursuant to the Plan and/or the 10% Noteholder Group Settlement to the 10% Noteholders or Oaktree of any cash that is Pari Passu Collateral or cash proceeds of Pari Passu Collateral will be made by the Disbursing Agent to the Pari Passu Collateral Agent, which shall transmit such cash to Holders of Allowed Claims secured by the Pari Passu Collateral in accordance with the terms of the Pari Passu Collateral Agency Agreement; provided, however, that prior to making such distribution to Holders of Allowed Claims secured by the Pari Passu Collateral, the Pari Passu Collateral Agent may reserve an amount up to $100,000 to be held as security and indemnity and applied against all future fees, costs, expenses and liabilities incurred by the Pari Passu Collateral Agent in such capacity. The distribution provisions contained in the Pari Passu Collateral Agency Agreement shall continue in effect to the extent necessary to authorize the Pari Passu Collateral Agent to receive and make distributions to the Holders of Claims secured by the Pari Passu Collateral, as applicable, pursuant to this provision, and shall terminate completely solely as to the Plan Debtors upon completion of such distributions.

Distributions under this Plan to holders of Convertible Notes Claims and 10% Notes Claims shall be made to the Convertible Notes Indenture Trustees and 10% Notes Indenture

Trustee, as applicable, which shall transmit such distributions to the Holders of such Convertible Notes Claims as provided in the Convertible Notes Indentures and the 10% Notes Claims as provided in the 10% Notes Indenture. Notwithstanding any provision contained in this Plan to the contrary, the distribution provisions contained in the Convertible Notes Indentures and the 10% Notes Indenture shall continue in effect to the extent necessary to authorize the Convertible Notes Indenture Trustees and 10% Notes Indenture Trustee to receive and make distributions to the Holders of Convertible Notes Claims and 10% Notes Claims, as applicable, and shall terminate completely solely as to the Plan Debtors upon completion of such distributions. The Convertible Notes Indenture Trustees and 10% Notes Indenture Trustee may withhold such distributions consistent with the terms of the Convertible Notes Indentures and the 10% Notes Indenture, respectively, to satisfy all accrued and reasonably expected fees and expenses as to which they are entitled to assert priority of payment and/or exercise charging liens against such distributions under the applicable indentures.

2. **Distribution Record Date**

A Disbursing Agent will have no obligation to recognize the transfer, or the sale, of any participation in, any Claim that occurs after the close of business on the Distribution Record Date and will be entitled for all purposes herein to recognize and make distributions only to those holders of Allowed Claims that are holders of such Claims, or participants therein, as of the close of business on the Distribution Record Date.

Except as otherwise provided in a Final Order of the Bankruptcy Court, the transferees of Claims that are transferred pursuant to Bankruptcy Rule 3001 on or prior to the Distribution Record Date will be treated as the holders of such Claims for all purposes, notwithstanding that any period provided by Bankruptcy Rule 3001 for objecting to such transfer has not expired by the Distribution Record Date.

3. **Undeliverable Distributions**

In the event that any distribution to any Holder is returned as undeliverable, no distribution to such Holder will be made unless and until the Disbursing Agent has determined the then current address of such Holder, at which time such distribution will be made to such Holder without interest. Any undeliverable distributions will be deemed unclaimed property under section 347(b) of the Bankruptcy Code at the expiration of six (6) months from the Effective Date. After such date, all unclaimed property or interests in property will revert to the Post-Effective Date Plan Debtors (notwithstanding any applicable federal or state escheat, abandoned, or unclaimed property laws to the contrary), and the Claim any Holder to such property or interest in property will be released, settled, compromised, and forever barred.

On each Distribution Date, the applicable Disbursing Agent will make all Distributions that became deliverable to Holders of Allowed Claims after the most recent Distribution Date; provided, however, that the applicable Disbursing Agent may, in its sole discretion, establish a record date prior to each Distribution Date, such that only Claims allowed as of the record date will participate in such periodic Distribution. Notwithstanding the foregoing, the applicable Disbursing Agent reserves the right, if it determines a distribution on any Distribution Date is uneconomical or unfeasible, or is otherwise unadvisable, to postpone a Distribution Date.

-66-

NAI-1500956096v1

E.  **Means of Cash Payments**

Cash payments made pursuant to the Plan will be in U.S. currency by checks drawn on a domestic bank selected by the applicable Disbursing Agent or, at the option of the applicable Disbursing Agent, by wire or automated clearinghouse transfer from a domestic bank; provided, however, that Cash payments to foreign holders of Allowed Claims may be made, at the option of the applicable Disbursing Agent, in such funds and by such means as are necessary or customary in a particular foreign jurisdiction.

F.  **Establishment of Reserves**

The Post-Effective Date Plan Debtors may establish any reserves that they deem necessary or advisable to make Distributions to holders of Disputed Claims as of the Effective Date or otherwise to satisfy their obligations under the Plan, including the creation of one or more reserves for Disputed Claims, which may be treated (in the discretion of the Post-Effective Date Plan Debtors), for U.S. federal income Tax purposes, as one or more disputed ownership funds within the meaning of Treasury Regulations section 1.468B-9(b)(1).

G.  **Compliance with Tax Requirements**

In connection with the Plan and all instruments issued in connection herewith and distributed hereunder, to the extent applicable, the Plan Debtors, the Post-Effective Date Plan Debtors, the Disbursing Agent or any other party issuing any instruments or making any distributions under the Plan shall comply with all applicable Tax withholding and reporting requirements imposed on them by any governmental unit, and all distributions pursuant to the Plan and all related agreements shall be subject to such withholding and reporting requirements. Each of the Plan Debtors, the Post-Effective Date Plan Debtors and the Disbursing Agent, as applicable, shall be authorized to take any actions that may be necessary or appropriate to comply with such withholding and reporting requirements, including applying a portion of any Cash distribution to be made under the Plan to pay applicable Tax withholding. In the case of a non-Cash distribution that is subject to withholding, the distributing party may withhold an appropriate portion of such distributed property and sell such withheld property to generate Cash necessary to pay over the withholding tax. Any amounts withheld pursuant to the immediately preceding sentence shall be deemed to have been distributed and received by the applicable recipient for all purposes of the Plan. Notwithstanding any other provision of the Plan, each Holder of an Allowed Claim receiving a distribution pursuant to the Plan shall have the sole and exclusive responsibility for the satisfying and paying of any Tax obligations imposed on it by any governmental unit on account of such distribution, including income, withholding and other Tax obligations. Any party issuing any instrument or making any distribution to the Plan has the right, but not the obligation, to not make a distribution until such Holder has made arrangements satisfactory to the issuing or disbursing party for the payment of any tax obligations.

Any party entitled to receive any property as an issuance or distribution under the Plan shall be required, if so requested, to deliver to the Disbursing Agent (or such other Entity designated by the Plan Debtors or the Post-Effective Date Plan Debtors, which Entity shall subsequently deliver to the Disbursing Agent) an appropriate Form W-9 or (if the payee is a foreign Entity) Form W-8, unless such Entity is exempt under the Internal Revenue Code and so

notifies the Disbursing Agent. Unless a properly completed Form W-9 or Form W-8, as appropriate, is delivered to the Disbursing Agent (or such other Entity), the Disbursing Agent, in its sole discretion, may (a) make a distribution net of any applicable withholding, including backup withholding, or (b) reserve such distribution. If the Disbursing Agent reserves such distribution, and the Holder fails to comply with the requirement to deliver the Form W-9 or Form W-8 within 180 days after the Effective Date, such distribution shall be deemed undeliverable in accordance with Section VII.D.

### H.    Surrender of Cancelled Instruments or Securities

As a condition precedent to receiving any distribution pursuant to the Plan on account of an Allowed Claim evidenced by the notes, instruments, securities or other documentation cancelled as to the Plan Debtors pursuant to Article IV, the holder of such Claim must tender, the applicable notes, instruments, securities or other documentation evidencing such Claim to the applicable Disbursing Agent, together with any letter of transmittal required by such Disbursing Agent, and which in the case of the 10% Notes and the Convertible Notes shall be the global notes evidencing such securities held by the applicable indenture trustee.

Upon surrender of the Convertible Notes, the Convertible Notes Indenture Trustees shall cancel and destroy the Convertible Notes. As soon as practicable after the surrender date, the Convertible Notes Indenture Trustees shall distribute to the Holder thereof such Holder's pro rata share of the distribution, but subject to the rights of the Convertible Notes Indenture Trustees pursuant to the Convertible Notes Indentures to assert any rights to priority of payment and/or to exercise charging liens against such distribution. Pending such surrender, any distributions pursuant to the Plan on account of any such Claim will be treated as an undeliverable distribution pursuant to Section VII.D.

### I.    Claims Paid or Payable by Third Parties

#### 1.    Claims Paid by Third Parties

Any Claim will be deemed satisfied in full or in part (as applicable) without a Claims objection having to be Filed by the Plan Debtors or Post-Effective Date Plan Debtors (as applicable) and without any further order or approval of the Bankruptcy Court, to the extent that the Holder of such Claim (i) receives payment in full or in part (as applicable) on account of such Claim from an Entity that is not a Plan Debtor and (ii) does not object to notice thereof within 21 days from service of such notice. To the extent a Holder of a Claim receives, on account of such Claim, both a distribution under the Plan and a payment from a party that is not a Plan Debtor on account of such Claim, the Plan Debtors or Post-Effective Date Plan Debtors (as applicable) will serve a notice of such duplicative payment and such Holder must, within 21 days of receipt thereof, either (i) repay or return the distribution to the Post-Effective Date Plan Debtors to the extent the Holder's total recovery on account of such Claim from the third party and under the Plan exceeds the Allowed amount of such Claim or (ii) file an objection setting forth the reasons that the Holder asserts that such distribution does not have to be returned.

-68-

2. **Claims Payable by Third Parties**

No distributions under the Plan will be made on account of an Allowed Claim that is payable pursuant to one of the Plan Debtors' insurance policies until the Holder of such Allowed Claim has exhausted all remedies with respect to such insurance policy. If the Plan Debtors believe a Holder of an Allowed Claim has recourse to an insurance policy and intend to withhold a distribution pursuant to this Article VII, the Plan Debtors shall cause the Disbursing Agent to provide written notice to such Holder as to what the Plan Debtors believe to be the nature and scope of applicable insurance coverage. To the extent that one or more of the Plan Debtors' insurers agrees to satisfy in full a Claim (if and to the extent adjudicated by a court of competent jurisdiction), then immediately upon such insurers' agreement, such Claim may be expunged without a Claims objection having to be Filed and without any further notice to or action, order, or approval of the Bankruptcy Court.

J. **Setoffs**

Except with respect to claims of a Plan Debtor or Reorganized Plan Debtor released pursuant to the Plan or any contract, instrument, release or other agreement or document entered into or delivered in connection with the Plan, the Post-Effective Date Plan Debtors or, as instructed by the applicable Post-Effective Date Plan Debtor, a Disbursing Agent may, pursuant to section 553 of the Bankruptcy Code or applicable non-bankruptcy law, set off against any Allowed Claim and the Distributions to be made pursuant to the Plan on account of such Claim (before any Distribution is made on account of such Claim) the claims, rights and Causes of Action of any nature that the applicable Plan Debtor or Reorganized Plan Debtor may hold against the Holder of such Allowed Claim. Neither the failure to effect a setoff nor the allowance of any Claim hereunder will constitute a waiver or release by the applicable Plan Debtor or Reorganized Plan Debtor of any claims, rights and Causes of Action that the Plan Debtor or Reorganized Plan Debtor may possess against such a Claim holder.

K. **Fractional Plan Distributions**

Notwithstanding anything to the contrary contained herein, no Distributions of fractional shares or fractions of dollars (whether in Cash or Reorganized Parent Common Equity) will be made. Fractional shares and fractions of dollars will be rounded to the nearest whole unit (with any amount equal to or less than one-half share or one-half dollar, as applicable, to be rounded down).

L. **Allocation Between Principal and Accrued Interest**

Except as otherwise provided in the Plan, the aggregate consideration paid to Holders with respect to their Allowed Claims shall be treated pursuant to the Plan as allocated first to the principal amount of such Allowed Claims (to the extent thereof as determined for U.S. federal income tax purposes) and, thereafter, to interest and the remaining portion, if any, of such Allowed Claims.

# ARTICLE VIII.
# RESOLUTION OF DISPUTED CLAIMS

A. **Resolution of Disputed Claims**

1. **Allowance of Claims**

On or after the Effective Date, the Post-Effective Date Plan Debtors will have and will retain any and all rights and defenses that the Plan Debtors had with respect to any Claim, except with respect to any Claim deemed Allowed as of the Effective Date. Except as expressly provided in the Plan or in any order entered in the Chapter 11 Cases prior to the Effective Date (including, without limitation, the Confirmation Order), no Claim will become an Allowed Claim unless and until such Claim is deemed Allowed under the Plan or the Bankruptcy Code or the Bankruptcy Court has entered a Final Order, including, without limitation, the Confirmation Order, in the Chapter 11 Cases allowing such Claim.

2. **Prosecution of Objections to Claims**

Except as otherwise set forth in the Plan, the Plan Debtors or the Post-Effective Date Plan Debtors (as applicable) will have the exclusive authority to File objections to Claims, settle, compromise, withdraw, or litigate to judgment objections to any and all Claims, regardless of whether such Claims are in a Class or otherwise. From and after the Effective Date, the Post-Effective Date Plan Debtors may settle or compromise any Disputed Claim without any further notice to, or action, order, or approval of, the Bankruptcy Court. From and after the Effective Date, the Post-Effective Date Plan Debtors will have the sole authority to administer and adjust the Claims Register to reflect any such settlements or compromises without any further notice to or action, order or approval of the Bankruptcy Court.

3. **Deadline to File Objections to Claims**

Any objections to Claims not otherwise Allowed under the Plan or by a Final Order, must be Filed no later than the Claims Objection Bar Date; provided, however, the Post-Effective Date Plan Debtors may seek authorization to extend the Claims Objection Bar Date for some or all Disputed Claims for cause through the Filing of a motion with the Bankruptcy Court.

4. **Claims Estimation**

Prior to the Effective Date, the Plan Debtors, and on or after the Effective Date, the Post-Effective Date Plan Debtors, may, at any time, request that the Bankruptcy Court estimate the maximum or Allowed amount of (a) any Disputed Claim pursuant to applicable law and (b) any contingent or unliquidated Claim pursuant to applicable law, including, without limitation, section 502(c) of the Bankruptcy Code, regardless of whether the Plan Debtors have previously objected to such Claim or whether the Bankruptcy Court has ruled on any such objection, and the Bankruptcy Court will retain jurisdiction under 28 U.S.C. §§ 157 and 1334 to estimate any Disputed Claim, contingent Claim, or unliquidated Claim, including during the litigation concerning any objection to any Claim or during the pendency of any appeal relating to

any such objection. Notwithstanding any provision otherwise in the Plan, a Claim that has been expunged from the Claims Register but that is subject to appeal or has not been the subject of a Final Order, will be deemed to be estimated at zero dollars, unless otherwise ordered by the Bankruptcy Court. In the event that the Bankruptcy Court estimates any Disputed Claim, contingent Claim, or unliquidated Claim, that estimated amount will constitute either the Allowed amount of such Claim or a maximum limitation on such Claim for all purposes under the Plan, including for purposes of distributions, and the Plan Debtors or the Post-Effective Date Plan Debtors, as applicable, may elect to pursue additional objections to the ultimate distribution on such Claim. If the estimated amount constitutes a maximum limitation on such Claim, the Plan Debtors or the Post-Effective Date Plan Debtors, as applicable, may elect to pursue any supplemental proceedings to object to any ultimate distribution on account of such Claim. Notwithstanding section 502(j) of the Bankruptcy Code, in no event will any Holder of a Claim that has been estimated pursuant to section 502(c) of the Bankruptcy Code or otherwise be entitled to seek reconsideration of such estimation unless such Holder has Filed a motion requesting the right to seek such reconsideration on or before 21 days after the date on which such Claim is estimated; *provided* that the foregoing limitation shall not apply to Westchester Fire Insurance Company, Ironshore Indemnity, Inc., Lexon Insurance Company and Bond Safeguard Insurance Company, who shall be entitled to seek such reconsideration within the time limits prescribed by applicable law, if any. All of the aforementioned Claims and objection, estimation, and resolution procedures are cumulative and not exclusive of one another. Claims may be estimated and subsequently compromised, settled, withdrawn, or resolved by any mechanism approved by the Bankruptcy Court.

### B. Distributions on Account of Disputed Claims Once Allowed

Notwithstanding any other provisions of the Plan, no payments or distributions will be made on account of a Claim until such Claim becomes an Allowed Claim. Distributions on account of Disputed Claims that become Allowed Claims after the Effective Date shall be in accordance with Article VII of the Plan.

### C. Authority to Amend Schedules

The Plan Debtors or the Post-Effective Date Plan Debtors (as applicable) will have the authority to amend the Schedules with respect to any Claim for which a Proof of Claim has not been filed and to make distributions based on such amended Schedules without approval of the Bankruptcy Court. If any such amendment to the Schedules reduces the amount of a Claim or changes the nature or priority of a Claim, the Plan Debtor or Reorganized Plan Debtor will provide the holder of such Claim with notice of such amendment and such holder will have 30 days to File an objection to such amendment with the Bankruptcy Court. If no such objection is Filed, the Plan Debtor or Reorganized Plan Debtor may proceed with distributions based on such amended Schedules without approval of the Bankruptcy Court; *provided, however,* that notwithstanding the foregoing, if any such amendments to the Schedules (i) is a new Claim in Class 5A in an amount in excess of $200,000, or (ii) increases the amount of a Claim in Class 5A by twenty percent (20%), such amendment must be approved by order of the Bankruptcy Court.