COMPROMISE AND SETTLEMENT PURSUANT TO THE TERMS OF THE PLAN; (2) HAVE BEEN RELEASED PURSUANT TO SECTION IX.D; (3) HAVE BEEN RELEASED PURSUANT TO SECTION IX.E; (4) HAVE BEEN RELEASED PURSUANT TO SECTION IX.F; (5) ARE SUBJECT TO EXCULPATION PURSUANT TO SECTION IX.G (BUT ONLY TO THE EXTENT OF THE EXCULPATION PROVIDED IN SECTION IX.G); OR (5) ARE OTHERWISE STAYED OR TERMINATED PURSUANT TO THE TERMS OF THE PLAN, ARE PERMANENTLY ENJOINED AND PRECLUDED, FROM AND AFTER THE EFFECTIVE DATE, FROM (1) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND, INCLUDING ON ACCOUNT OF ANY CLAIMS, INTERESTS, CAUSES OF ACTION, OR LIABILITIES THAT HAVE BEEN DISCHARGED, COMPROMISED OR SETTLED AGAINST THE PLAN DEBTORS, THE POST-EFFECTIVE DATE PLAN DEBTORS, OR ANY ENTITY SO DISCHARGED, RELEASED OR EXCULPATED (OR THE PROPERTY OR ESTATE OF ANY ENTITY, DIRECTLY OR INDIRECTLY, SO DISCHARGED, RELEASED OR EXCULPATED) ON ACCOUNT OF, OR IN CONNECTION WITH, OR WITH RESPECT TO, ANY DISCHARGED, RELEASED, SETTLED, COMPROMISED, OR EXCULPATED CLAIMS, INTERESTS, CAUSES OF ACTION OR LIABILITIES; (2) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST THE PLAN DEBTORS, THE POST-EFFECTIVE DATE PLAN DEBTORS, OR ANY ENTITY SO DISCHARGED, RELEASED OR EXCULPATED (OR THE PROPERTY OR ESTATE OF THE PLAN DEBTORS, THE POST-EFFECTIVE DATE PLAN DEBTORS, OR ANY ENTITY SO DISCHARGED, RELEASED OR EXCULPATED) ON ACCOUNT OF, OR IN CONNECTION WITH, OR WITH RESPECT TO, ANY SUCH DISCHARGED, RELEASED, SETTLED, COMPROMISED, OR EXCULPATED CLAIMS, INTERESTS, CAUSES OF ACTION, OR LIABILITIES; (3) CREATING, PERFECTING, OR ENFORCING ANY LIEN, CLAIM, OR ENCUMBRANCE OF ANY KIND AGAINST THE PLAN DEBTORS, THE POST-EFFECTIVE DATE PLAN DEBTORS, OR ANY ENTITY SO DISCHARGED, RELEASED OR EXCULPATED (OR THE PROPERTY OR ESTATE OF THE PLAN DEBTORS, THE POST-EFFECTIVE DATE PLAN DEBTORS, OR ANY ENTITY SO DISCHARGED, RELEASED OR EXCULPATED) ON ACCOUNT OF, OR IN CONNECTION WITH, OR WITH RESPECT TO, ANY SUCH DISCHARGED, RELEASED, SETTLED, COMPROMISED, OR EXCULPATED CLAIMS, INTERESTS, CAUSES OF ACTION, OR LIABILITIES; (4) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM THE PLAN DEBTORS, THE POST-EFFECTIVE DATE PLAN DEBTORS, OR ANY ENTITY SO DISCHARGED, RELEASED OR EXCULPATED (OR THE PROPERTY OR ESTATE OF THE PLAN DEBTORS, THE POST-EFFECTIVE DATE PLAN DEBTORS, OR ANY ENTITY SO DISCHARGED, RELEASED OR EXCULPATED) ON ACCOUNT OF, OR IN CONNECTION WITH, OR WITH RESPECT TO, ANY SUCH DISCHARGED, RELEASED, SETTLED, COMPROMISED, OR EXCULPATED CLAIMS, INTERESTS, CAUSES OF ACTION, OR LIABILITIES UNLESS SUCH HOLDER HAS OBTAINED ENTRY OF A FINAL ORDER AUTHORIZING SUCH SETOFF AS PROVIDED HEREIN; AND (5) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND AGAINST THE PLAN DEBTORS, THE POST-EFFECTIVE DATE PLAN DEBTORS, OR ANY ENTITY SO DISCHARGED, RELEASED OR

EXCULPATED (OR THE PROPERTY OR ESTATE OF THE PLAN DEBTORS, THE POST-EFFECTIVE DATE PLAN DEBTORS, OR ANY ENTITY SO DISCHARGED, RELEASED OR EXCULPATED) ON ACCOUNT OF, OR IN CONNECTION WITH, OR WITH RESPECT TO, ANY SUCH DISCHARGED, RELEASED, SETTLED, COMPROMISED, OR EXCULPATED CLAIMS, INTERESTS, CAUSES OF ACTION, OR LIABILITIES DISCHARGED, RELEASED, SETTLED, OR COMPROMISED PURSUANT TO THE PLAN.

NOTHING CONTAINED HEREIN WILL (1) PRECLUDE AN ENTITY FROM OBTAINING BENEFITS DIRECTLY AND EXPRESSLY PROVIDED TO SUCH ENTITY PURSUANT TO THE TERMS OF THE PLAN; OR (2) WILL BE CONSTRUED TO PREVENT ANY ENTITY FROM DEFENDING AGAINST CLAIMS OBJECTIONS OR COLLECTION ACTIONS WHETHER BY ASSERTING A RIGHT OF SETOFF, RECOUPMENT OR OTHERWISE TO THE EXTENT PERMITTED BY LAW.

## ARTICLE X.
## CONDITIONS PRECEDENT TO CONFIRMATION AND CONSUMMATION OF THE PLAN

### A. Conditions to Confirmation

The following shall be conditions to Confirmation unless such conditions have been duly waived pursuant to Section X.C:

(1) The Bankruptcy Court shall have entered the Disclosure Statement Order in form and substance acceptable to the Plan Debtors and Oaktree,

(2) The Bankruptcy Court shall have entered the Bid Procedures Order in form and substance acceptable to the Plan Debtors and Oaktree;

(3) The Bankruptcy Court shall have entered the Confirmation Order in form and substance acceptable to the Plan Debtors and Oaktree and, solely with respect to those issues contained in the Committee Settlement Agreement, subject to the Creditors' Committee Consent Right the Directors and Officers Consent Right and the National Union Consent Right;

(4) Each of the Documents Filed as part of the Plan Supplement shall be subject to the Oaktree Consent Right and, solely with respect to those issues contained in the Committee Settlement Agreement, subject to the Creditors' Committee Consent Right;

(5) If the Downstream Businesses Sale Trigger occurs, the Plan Debtors shall have executed the Downstream Businesses Sale Agreements and the Downstream Businesses Sale shall have been approved by the Bankruptcy Court; and

(6) Notwithstanding anything else contained in the Plan or the Committee Settlement Agreement, it shall be a condition to Confirmation that the Bankruptcy Court shall approve the Committee Settlement Agreement pursuant to Bankruptcy Rule 9019, which condition may not be waived without the prior written consent of the Creditors' Committee.

-80-

### B. Conditions Precedent to the Effective Date

The Effective Date shall not occur and the Plan shall not be consummated unless and until each of the following conditions have been satisfied or duly waived pursuant to Section X.C:

(1) The Confirmation Order shall be in full force and effect and not be subject to any stay or injunction;

(2) The DIP Facility maturity date shall not have occurred.

(3) If the Downstream Businesses Sale Trigger occurs, all conditions to closing the Downstream Businesses Sale shall have been satisfied or waived in accordance with the terms of the Downstream Businesses Sale Agreements;

(4) The final form of all Plan Documents and all Plan Supplement documents shall be in form and substance acceptable to the Plan Debtors, subject to the Oaktree Consent Right and, solely with respect to those issues contained in the Committee Settlement Agreement, the Creditors' Committee Consent Right, the Directors and Officers Consent Right and the National Union Consent Right; provided that the order approving the 10% Noteholder Group Settlement or portion of the Confirmation Order concerning the 10% Noteholder Group Settlement as applicable, shall be acceptable to the Ad Hoc 10% Noteholders, Oaktree and the Debtors;

(5) All governmental and material third party approvals and consents, including Bankruptcy Court approval, necessary in connection with the transactions contemplated by the Plan will have been obtained or entered, not be subject to unfulfilled conditions and be in full force and effect, and all applicable waiting periods will have expired without any action being taken or threatened by any competent authority that would restrain, prevent or otherwise impose materially adverse conditions on such transactions; and

(6) All documents and agreements necessary to implement the Plan will have (a) been tendered for delivery and (b) been effected or executed by all Entities party thereto, or will be deemed executed and delivered by virtue of the effectiveness of the Plan as expressly set forth herein, and all conditions precedent to the effectiveness of such documents and agreements will have been satisfied or waived pursuant to the terms of such documents or agreements.

### C. Waiver of Conditions to Confirmation or the Effective Date

The conditions to the Effective Date set forth in Section X.B may be waived in whole or part in writing by the Plan Debtors (subject to Oaktree's consent and, solely with respect to those issues contained in the Committee Settlement Agreement that are conditions to confirmation of the Plan, the consent of the Creditors' Committee) at any time without an order of the Bankruptcy Court.

### D. Effect of Nonoccurrence of Conditions to the Effective Date

If the Effective Date does not occur, then (i) the Plan will be null and void in all respects; (ii) any settlement or compromise embodied in the Plan (including the fixing or limiting to an

amount certain of any Claim or Interest or Class of Claims or Interests), assumption or rejection of Executory Contracts or Unexpired Leases effected by the Plan, and any document or agreement executed pursuant to the Plan, will be deemed null and void; and (iii) nothing contained in the Plan or the Disclosure Statement will (a) constitute a waiver or release of any Claims or Interests, (b) prejudice in any manner the rights of the Plan Debtors or any other Entity, or (c) constitute an admission, acknowledgement, offer, or undertaking of any sort by the Plan Debtors or any other Entity.

E. **Request for Waiver of Stay of Confirmation Order**

This Plan will serve as a motion seeking a waiver of the stay of the Confirmation Order imposed by Bankruptcy Rule 3020(e). In the event any such objections to such request are timely Filed, a hearing with respect thereto will occur at the Confirmation Hearing.

## ARTICLE XI.
## MODIFICATION, REVOCATION, OR WITHDRAWAL OF THE PLAN

A. **Modification and Amendments**

Subject to the limitations contained herein, the Plan Debtors, subject to the Oaktree Consent Right, the Creditors' Committee Consent Right (solely with respect to those issues contained in the Committee Settlement Agreement) and the National Union Consent Right and Directors and Officers Consent Right (each solely with respect to those issues contained in Section IV of the Committee Settlement Agreement), reserve the right to modify the Plan as to material terms and seek Confirmation consistent with the Bankruptcy Code and, as appropriate, not re-solicit votes on such modified Plan. For the avoidance of doubt, nothing herein shall affect Oaktree's rights to withdraw its vote if there is any material change to the Plan, including with respect to valuation or allowance of the Oaktree Claims in an amount less than $513.8 million. Subject to certain restrictions and requirements set forth in section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019 and those restrictions on modifications set forth in the Plan, the Plan Debtors expressly reserve their rights to, subject to the Oaktree Consent Right, alter, amend, or modify materially the Plan with respect to the Plan Debtors (one or more times) after Confirmation; and, to the extent necessary, may initiate proceedings in the Bankruptcy Court to so alter, amend, or modify the Plan or remedy any defect or omission or reconcile any inconsistencies in the Plan, the Disclosure Statement, or the Confirmation Order as may be necessary to carry out the purposes and intent of the Plan. Any such modification or supplement will be considered a modification of the Plan and will be made in accordance with this Article XI.

B. **Effect of Confirmation on Modifications**

Entry of a Confirmation Order will mean that (subject to the Oaktree Consent Right) all modifications or amendments to the Plan occurring after the solicitation thereof are approved pursuant to section 1127(a) of the Bankruptcy Code and do not require additional disclosure or re-solicitation under Bankruptcy Rule 3019.

C.     **Revocation or Withdrawal of the Plan**

Subject to the Oaktree Consent Right and the consent, which shall not be unreasonably withheld, of the Creditors' Committee with respect to Parent, the Plan Debtors reserve the right to revoke or withdraw the Plan as to any Plan Debtor or all of the Plan Debtors prior to the Confirmation Date or at the Confirmation Hearing. If the Plan Debtors revoke or withdraw the Plan as to any or all of the Plan Debtors, or if Confirmation or the Effective Date does not occur as to any or all of the Plan Debtors, then as to such Plan Debtors: (i) the Plan will be null and void in all respects; (ii) any settlement or compromise embodied in the Plan (including the fixing or limiting to an amount certain of any Claim or Interest or Class of Claims or Interests), assumption or rejection of Executory Contracts or Unexpired Leases effected by the Plan, and any document or agreement executed pursuant to the Plan, will be deemed null and void; and (iii) nothing contained in the Plan or Disclosure Statement will (a) constitute a waiver or release of any Claims or Interests against such Plan Debtors, (b) prejudice in any manner the rights of such Plan Debtors or any other Entity, or (c) constitute an admission, acknowledgement, offer, or undertaking of any sort by such Plan Debtors or any other Entity. The revocation or withdrawal of the Plan with respect to one or more Plan Debtors shall not require re-solicitation of the Plan with respect to the remaining Plan Debtors.

## ARTICLE XII.
## RETENTION OF JURISDICTION

Unless otherwise provided in any contract, instrument, release agreement or document entered into in connection with implementation or consummation of the Plan, and notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, on, and after the occurrence of, the Effective Date, the Bankruptcy Court will retain such exclusive jurisdiction over the Chapter 11 Cases and any matter related to the Chapter 11 Cases as is legally permissible, including exclusive jurisdiction over the following matters:

(1)     allow, disallow, determine, liquidate, classify, estimate, or establish the priority, or secured or unsecured status of, any Claim or Interest, including the resolution of any request for payment of any Administrative Claim or the resolution of any objections to the allowance, priority or classification of Claims or Interests;

(2)     grant or deny any applications for allowance of compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or the Plan for periods ending on or before the Effective Date;

(3)     resolve any matters, related to the assumption, assumption and assignment, or rejection of any Executory Contract or Unexpired Lease to which any Plan Debtor is a party or with respect to which any Plan Debtor or Reorganized Plan Debtor may be liable and to hear, determine and, if necessary, liquidate any Claims arising therefrom, including any Cure Amount Claims;

(4)     ensure that distributions to holders of Allowed Claims are accomplished pursuant to the provisions of the Plan;

(5)     decide or resolve any motions, adversary proceedings, contested or litigated

matters and any other matters and grant or deny any applications involving the Plan Debtors that may be pending on the Effective Date;

(6)   enter such orders as may be necessary or appropriate to implement or consummate the provisions of the Plan and all contracts, instruments, releases, and other agreements or documents entered into, or delivered in connection with, the Plan, the Disclosure Statement, or the Confirmation Order;

(7)   resolve any cases, controversies, suits, or disputes that may arise in connection with the consummation, interpretation, or enforcement of the Plan or any contract, instrument, release, or other agreement or document that is entered into, or delivered pursuant to, the Plan or any Entity's rights arising from, or obligations incurred in connection with, the Plan or such documents, including the Committee Settlement Agreement;

(8)   modify the Plan before or after the Effective Date pursuant to section 1127 of the Bankruptcy Code, the Confirmation Order, or any contract, instrument, release, or other agreement or document entered into or delivered in connection with the Plan, the Disclosure Statement, or the Confirmation Order or remedy any defect or omission or reconcile any inconsistency in any Bankruptcy Court order, the Plan, the Disclosure Statement, the Confirmation Order, or any contract, instrument, release, or other agreement or document entered into, delivered, or created in connection with the Plan, the Disclosure Statement, or the Confirmation Order, in such manner as may be necessary or appropriate to consummate the Plan;

(9)   issue injunctions, enforce the injunctions contained in the Plan and the Confirmation Order, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any Entity with consummation, implementation, or enforcement of the Plan or the Confirmation Order;

(10)   enter and implement such orders as are necessary or appropriate if the Confirmation Order is for any reason or in any respect modified, stayed, reversed, revoked or vacated or Distributions pursuant to the Plan are enjoined or stayed;

(11)   determine such other matters that may arise in connection with, or relate to, the Plan, the Disclosure Statement, the Confirmation Order or any contract, instrument, release, or other agreement or document entered into or delivered in connection with the Plan, the Disclosure Statement or the Confirmation Order;

(12)   determine matters concerning state, local, and federal Taxes in accordance with sections 346, 505 and 1146 of the Bankruptcy Code, including any Disputed Claims for Taxes;

(13)   enforce all orders, judgments, injunctions, releases, exculpations, indemnifications, and rulings entered in connection with the Chapter 11 Cases; and

(14)   enter a final decree closing the Chapter 11 Cases.

To the extent that it is legally impermissible for the Bankruptcy Court to have exclusive jurisdiction over any of the foregoing matters, the Bankruptcy Court will have non-exclusive jurisdiction over such matters to the extent legally permissible.

NAI-1500956096v1

## ARTICLE XIII.
## MISCELLANEOUS PROVISIONS

### A. Immediate Binding Effect

Notwithstanding Bankruptcy Rules 3020(e), 6004(h), or 7062 or otherwise, upon the occurrence of the Effective Date, the terms of the Plan, the Plan Documents, the Plan Supplement, and the Confirmation Order will be immediately effective and enforceable and deemed binding upon the Plan Debtors and any and all Holders of Claims or Interests (regardless of whether such Claims or Interests are deemed to have accepted or rejected the Plan), all Entities that are parties to, or are subject to, the settlements, compromises, releases, and injunctions described in the Plan, each Entity acquiring property under the Plan or the Confirmation Order, and any and all non-Debtor parties to Executory Contracts and Unexpired Leases with the Plan Debtors. All Claims and debts will be as fixed, adjusted, or compromised, as applicable, pursuant to the Plan regardless of whether any Holder of a Claim or debt has voted on the Plan.

### B. Additional Documents

The Plan Debtors and all Holders of Claims or Interests receiving distributions pursuant to the Plan and all other parties in interest will, from time to time, prepare, execute, and deliver any agreements or documents and take any other actions as may be necessary or advisable to effectuate the provisions and intent of the Plan.

### C. Payment of Statutory Fees

Each of the Plan Debtors (prior to or on the Effective Date) or the applicable Post-Effective Date Plan Debtors (on and after the Effective Date) will pay all fees payable pursuant to section 1930(a) of the Judicial Code for each quarter (including any fraction thereof) until each of the respective Chapter 11 Cases are converted, dismissed, or closed, whichever occurs first.

### D. Oaktree Fees and Expenses

Without any further notice to or action, order or approval of the Bankruptcy Court the Plan Debtors shall pay and continue to pay, when due and payable, Oaktree for all reasonable and documented professional fees and expenses incurred by Oaktree prior to the Effective Date in connection with or related to the Plan Debtors, the Reorganized Plan Debtors, the Chapter 11 Cases, the Oaktree Prepetition Facilities and the Oaktree Lease Documents, including without limitation, the reasonable and documented fees and expenses of Milbank, Tweed, Hadley & McCloy LLP, as co-counsel to Oaktree, Morris, Nichols, Arsht & Tunnell LLP, co-counsel to Oaktree, and Centerview Partners, as financial advisors to Oaktree; *provided*, that after the Effective Date, the Post-Effective Date Plan Debtors shall not be obligated to nor shall they pay the fees and expenses of professionals representing Oaktree incurred after the Effective Date, provided, further, however, that the Reorganized Plan Debtors may retain and pay the fees and expenses of any such professional post Effective Date.

### E. Dissolution of the Creditors' Committee

On the Effective Date, the Creditors' Committee will dissolve and the members of such committee will be released and discharged from all duties and obligations arising from or related to the Chapter 11 Cases; *provided, that,* the Creditors' Committee will not be dissolved, and the members of the Creditors' Committee will not be released or discharged of duties solely with respect to (i) any appeals or stays of any orders related to the Plan until such time as such orders become Final Orders (the "Committee Rights"), (ii) the Molycorp Minerals Debtors, unless and until such debtors' chapter 11 cases are converted to cases under chapter 7 of the Bankruptcy Code (the "Minerals Committee Rights"), and (iii) any applications for allowance of compensation and reimbursement of expenses pending on the Effective Date or Filed and served after the Effective Date in accordance with the provisions of Section II.A.5 of the Plan (the "Fee Application Rights" together with the Committee Rights and the Minerals Committee Rights, the "Post-Effective Date Matters"); *provided, further, that,* the Creditors' Committee will be dissolved and the members thereof discharged from all duties and obligations on the date upon which all services related the Post-Effective Date Matters are completed. The Professionals retained by such committee and the members thereof will not be entitled to assert any claims for reasonable fees rendered or expenses incurred after the Effective Date, except for reasonable and documented fees rendered and expenses incurred in connection with the Post-Effective Date Matters but subject to the Creditors' Committee Legal Fee Cap for the Creditors' Committee Legal Fee Cap Matters. The Bankruptcy Court shall retain jurisdiction over any disputes with respect to such fees and expenses, but otherwise such fees and expenses shall be paid by the Reorganized Plan Debtors without further application to the Bankruptcy Court; *provided, however,* that nothing herein shall in any way limit, impair or waive any objections (and all such objections are expressly reserved) to any fees or expenses incurred in connection with the Post-Effective Date Matters, including the reasonableness of such fees or expenses.

### F. Request for Expedited Determination of Taxes

The Post-Effective Date Plan Debtors may request an expedited determination under section 505(b) of the Bankruptcy Code with respect to applicable tax returns filed, or to be filed, on behalf of the Plan Debtors.

### G. Nonseverability of Plan Provisions

If, prior to Confirmation, any term or provision of the Plan is held by the Court to be invalid, void, or unenforceable, the Court shall be prohibited from altering or interpreting such term or provision to make it valid or enforceable, provided that at the request of the Plan Debtors and subject to the Oaktree Consent Right, the Creditors' Committee Consent Right, the Directors and Officers Consent Right and the National Union Consent Right, the Bankruptcy Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision shall then be applicable as altered or interpreted provided that any such alteration or interpretation shall be acceptable to the Plan Debtors and Oaktree. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is: (1) valid and enforceable pursuant to its terms; (2) integral to

the Plan and may not be deleted or modified without the Plan Debtors' consent; and (3) nonseverable and mutually dependent.

### H. Headings

The headings used in the Plan are inserted for convenience only and neither constitute a portion of the Plan nor in any manner affect the construction of the provisions of the Plan.

### I. Successors and Assigns

The rights, benefits, and obligations of any Entity named or referred to in the Plan will be binding on, and will inure to the benefit of, any heir, executor, administrator, successor or assign of such Entity.

### J. Service of the Plan Supplement and Disclosure Statement Exhibits

The Plan Supplement is not being Filed or served with copies of the Plan and the Disclosure Statement. Once Filed, the Plan Debtors shall make available for review the Plan Supplement on their web site at https://cases.primeclerk.com/molycorp/.

### K. Service of Documents

Any pleading, notice or other document required by the Plan or Confirmation Order to be served on or delivered to the Plan Debtors, the Post-Effective Date Plan Debtors, the Creditors' Committee, or the U.S. Trustee must be sent by overnight delivery service, facsimile transmission, courier service or messenger to the following:

**Plan Debtors and the Post-Effective Date Plan Debtors**

M. Blake Cleary (No. 3614)
Edmon L. Morton (No. 3856)
YOUNG CONAWAY STARGATT & TAYLOR LLP
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

- and -

Paul D. Leake
Lisa Laukitis
George R. Howard
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

Brad B. Erens
Joseph M. Tiller
JONES DAY
77 West Wacker
Chicago, Illinois 60601
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

**Oaktree**

Robert J. Dehney (No. 3578)
Gregory W. Werkheiser (No. 3553)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

- and-

Dennis F. Dunne
Samuel A. Khalil
MILBANK, TWEED, HADLEY & McCLOY LLP
28 Liberty Street
New York, NY 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

**The Creditors' Committee**

William P. Bowden, Esq. (#2553)
Gregory A. Taylor, Esq. (#4008)
Benjamin W. Keenan (#4724)
Stacy L. Newman, Esq. (#5044)
ASHBY & GEDDES, P.A.
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899

- and -

Luc A. Despins, Esq.
Andrew V. Tenzer, Esq.
John J. Ramirez, Esq.
PAUL HASTINGS LLP
75 East 55th Street

New York, NY 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

**The U.S. Trustee**

Office of the United States Trustee
Attn: David Buchbinder
844 King Street, Suite 2313, Lockbox 35
Wilmington, Delaware 19801
Telephone: (302) 573-6491
Facsimile: (302) 573-6497

NAI-1500956096v1