Dated: April 8, 2016

Respectfully submitted,

MOLYCORP, INC. (for itself and on behalf of its subsidiary Plan Debtors)

By: /s/       /s/ Michael F. Doolan
  Name: Michael F. Doolan
  Title: Executive Vice President & Chief Financial Officer of Molycorp, Inc.

COUNSEL:

M. Blake Cleary (No. 3614)
Edmon L. Morton (No. 3856)
Justin H. Rucki (No. 5304)
Ashley E. Jacobs (No. 5635)
YOUNG CONAWAY STARGATT & TAYLOR LLP
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
    - and -
Paul D. Leake
Lisa Laukitis
George R. Howard
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

Brad B. Erens
Joseph M. Tiller
JONES DAY
77 West Wacker
Chicago, Illinois 60601
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

ATTORNEYS FOR PLAN DEBTORS

## APPENDIX II

**EFFECTIVE DATE NOTICE**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re                                                            :   Chapter 11
                                                                 :
MOLYCORP, INC., *et al.*,[1]                                     :   Case No. 15-11357 (CSS)
                                                                 :
            Debtors.                                             :   (Jointly Administered)
                                                                 :
                                                                 :
---------------------------------------------------------------- x

**NOTICE OF (I) OCCURRENCE OF THE EFFECTIVE DATE OF PLAN DEBTORS' FOURTH AMENDED JOINT PLAN OF REORGANIZATION AND (II) BAR DATES FOR CERTAIN ADMINISTRATIVE CLAIMS AND REJECTION DAMAGES CLAIMS**

PLEASE TAKE NOTICE OF THE FOLLOWING:

1. **Confirmation of the Plan.** On April [ ], 2016, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. [ ]] (the "Confirmation Order") confirming the Plan Debtors' Fourth Amended Joint Plan of Reorganization, filed [_____], 2016 [Docket No. [ ]] (as it may be further modified, the "Plan"). Unless otherwise defined in this Notice, capitalized terms and phrases used herein have the meanings given to them in the Plan and the Confirmation Order.

The "Plan Debtors" and, as of the Effective Date, the "Reorganized Plan Debtors", will mean all of the debtors in the above-captioned cases *except for*: (1) PP IV Mountain Pass II, Inc.; (2) PP IV Mountain Pass Inc.; (3) RCF Speedwagon Inc.; (4) Molycorp Minerals, LLC; (5) Industrial Minerals, LLC; and (6) Molycorp Advanced Water Technologies, LLC (which the Plan refers to collectively as the "Molycorp Minerals Debtors").

2. **Effective Date.** The Reorganized Plan Debtors hereby certify and give notice that the Plan became effective in accordance with its terms on [_____], 2016 (the "Effective Date").

---

[1] The Debtors are the following 21 entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Molycorp, Inc. (1797); Industrial Minerals, LLC; Magnequench, Inc. (1833); Magnequench International, Inc. (7801); Magnequench Limited; Molycorp Advanced Water Technologies, LLC (1628); MCP Callco ULC; MCP Canada Holdings ULC; MCP Canada Limited Partnership; MCP Exchangeco Inc.; Molycorp Chemicals & Oxides, Inc. (8647); Molycorp Luxembourg Holdings S.à r.l.; Molycorp Metals & Alloys, Inc. (9242); Molycorp Minerals Canada ULC; Molycorp Minerals, LLC (4170); Molycorp Rare Metals Holdings, Inc. (4615); Molycorp Rare Metals (Utah), Inc. (7445); Neo International Corp.; PP IV Mountain Pass, Inc. (1205); PP IV Mountain Pass II, Inc. (5361); RCF IV Speedwagon Inc. (0845).

NAI-1500956000v1

3. **Plan Injunction.** Confirmation of the Plan operates as an injunction against the commencement or continuation of any act or action to collect, recover, or set off against any Claim or Interest treated in the Plan from the Plan Debtors, the Reorganized Plan Debtors or their respective property or any actions to interfere with the implementation and consummation of the Plan, except as otherwise expressly permitted by the Plan or the Confirmation Order or by an order of the Bankruptcy Court. The Bankruptcy Court shall have jurisdiction to determine and award damages and/or other appropriate relief at law or in equity for any violation of such injunction, including compensatory damages, professional fees and expenses, and exemplary damages for any willful violation of said injunction.

4. **Discharge of Claims.** Except as provided in the Plan or in the Confirmation Order, the rights afforded under the Plan and the treatment of Claims and Interests under the Plan will be in exchange for, and in complete satisfaction, discharge, and release of, all Claims, including any interest accrued on Claims from the Petition Date to the full extent permitted by section 1141 of the Bankruptcy Code. Except as provided in the Plan or in the Confirmation Order, Confirmation will, as of the Effective Date, discharge the Plan Debtors from all Claims and other Liabilities that arose on or before the Effective Date and all debts of the kind specified in section 502(g), 502(h) or 502(i) of the Bankruptcy Code to the full extent permitted by section 1141 of the Bankruptcy Code, whether or not (a) a Proof of Claim based on such debt has been Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code, (b) a Claim based on such debt is Allowed pursuant to section 502 of the Bankruptcy Code, or (c) the holder of a Claim based on such debt has accepted the Plan.

As of the Effective Date and in accordance with the foregoing and except as provided in the Plan or the Confirmation Order, the Confirmation Order will be a judicial determination of a discharge of all Claims, including any debts and Liabilities against the Plan Debtors, pursuant to sections 524 and 1141 of the Bankruptcy Code, and such discharge will void any judgment obtained against the Plan Debtors or Reorganized Plan Debtors at any time to the extent that such judgment relates to a discharged Claim.

5. **Enforcement of the Bar Date Order.** Except as specifically set forth in the Plan, the Confirmation Order and this Notice, the Bar Date Order remains in full force and effect, including, without limitation, the establishment of October 13, 2015 as the Bar Date for the Filing of General Unsecured Claims and Claims arising under section 503(b)(9) of the Bankruptcy Code.

6. **Administrative Claims Bar Date.** Pursuant to Section II.B of the Plan, except as otherwise provided in Article II of the Plan, section 503(b)(1)(D) of the Bankruptcy Code and the Bar Date Order, and subject to any exceptions specifically set forth in the Confirmation Order, requests for payment of Administrative Claims (other than (1) DIP Facility Claims, (2) Fee Claims, (3) Ordinary Course Administrative Claims, (4) fees payable pursuant to 28 U.S.C. § 1930, (5) Professionals asserting a Fee Claim for services rendered before the Effective Date and (6) Claims pursuant to section 503(b)(9) of the Bankruptcy Code) must be Filed and served on the Reorganized Plan Debtors pursuant to the procedures specified in the Confirmation Order and the notice of entry of the Confirmation Order no later than [_____], 2016 or such earlier date as specified in the Bar Date Order for a particular Administrative Claim (the "Administrative Claims Bar Date"). Absent further Court order, Holders of Administrative

2

Case 15-11371-CSS    Doc 1380    Filed 04/06/16    Page 4 of 8

Claims that are required, but fail, to File and serve a request for payment of such Administrative Claims on or before the Administrative Claims Bar Date will be forever barred, stopped, and enjoined from asserting such Administrative Claims against the Plan Debtors, the Reorganized Plan Debtors or their respective property. Objections to a request for the payment of an Administrative Claim, if any, must be Filed and served on the Reorganized Plan Debtors and the Entity asserting such Administrative Claim no later than [_____], 2016 subject to any exceptions specifically set forth in the Plan or Confirmation Order.

7. **Professional Fee Claims.** Professionals asserting a Fee Claim for services rendered or reimbursement of expenses incurred before the Effective Date under sections 328, 330(a), 331, 503 or 1103 of the Bankruptcy Code must (a) File a Final Fee Application no later than [_____], 2016 and (b) serve it on the Reorganized Plan Debtors and such other Entities required under the Bankruptcy Rules, the Fee Order, the Confirmation Order, or other order of the Bankruptcy Court. Objections to any Fee Claim must be Filed and served on the Reorganized Plan Debtors and the Entity asserting the Fee Claim no later than [_____], 2016.

8. **Rejection Damages Claims.** In accordance with Section VI.C of the Plan, unless otherwise provided by an order of the Bankruptcy Court, any Proofs of Claim based on the rejection of any Executory Contracts or Unexpired Leases pursuant to the Plan or otherwise, must be Filed with Prime Clerk no later than [_____], 2016. Any Holder of a Claim arising from the rejection of an Executory Contract or Unexpired Lease for which a Proof of Claim was not timely Filed will not participate in any distribution in the Chapter 11 Cases on account of such Claim and such Claim will be deemed fully satisfied, released, settled and compromised and be subject to the provisions of Section IX.G of the Plan, notwithstanding anything in the Schedules or any Proof of Claim to the contrary.

9. **Service Upon Claims Agent.** Administrative Claims and Proofs of Claim that are required to be Filed in accordance with the bar dates set forth above must be served on Prime Clerk by delivering the original Administrative Claim or Proof of Claim by regular mail, overnight courier or hand delivery to the following address:

> **Molycorp, Inc. Claims Processing Center**
> **c/o Prime Clerk LLC**
> **830 3rd Avenue, 9th Floor**

Administrative Claims and Proofs of Claim submitted by facsimile or electronic mail will <u>not</u> be accepted and will <u>not</u> be deemed properly Filed.

10. **Notice Parties' Service Addresses.** Any pleading, notice or other document required by the Plan, the Confirmation Order, other order of the Bankruptcy Court or Bankruptcy Rules to be served on or delivered to, as applicable, the Reorganized Plan Debtors and the U.S. Trustee must be sent by overnight delivery service, facsimile transmission, courier service or messenger to: (i) counsel to the Reorganized Plan Debtors, Jones Day, 222 East 41st Street, New York, New York 10017 (Attn: Paul D. Leake and Lisa Laukitis) and (ii) the Office of the United States Trustee, 844 King Street, Suite 2270 Wilmington, DE 19801 (Attn: David L. Buchbinder).

3

      11.    **Copies of the Plan and the Confirmation Order.** Copies of the Plan and the Confirmation Order may be obtained free of charge at https://cases.primeclerk.com/molycorp.

**BY ORDER OF THE BANKRUPTCY COURT**

Dated: [_____], [__], 2016      Respectfully submitted,
Wilmington, Delaware

/s/ _____
M. Blake Cleary (No. 3614)
Edmon L. Morton (No. 3856)
Justin H. Rucki (No. 5304)
Ashley E. Jacobs (No. 5635)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

-and-

Paul D. Leake
Lisa Laukitis
George R. Howard
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

Brad B. Erens
Joseph M. Tiller
JONES DAY
77 West Wacker
Chicago, Illinois 60601
Telephone: (312) 782-3939
Facsimile: (312) 782-8585

ATTORNEYS FOR THE REORGANIZED PLAN DEBTORS

# APPENDIX III

## CASH OUT NOTICE

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------x
                                             :
In re:                                       :   Chapter 11
                                             :
MOLYCORP, INC. et al.[1]                     :   Case No. 15-11357 (CSS)
                                             :
                    Debtors.                 :   (Jointly Administered)
                                             :
---------------------------------------------x

### IMPORTANT NOTICE OF CLASS 5A CASH OUT OPTION
### TO HOLDERS OF CLAIMS IN CLASS 5A

### YOUR RIGHTS MAY BE AFFECTED IF YOU DO NOT MAKE CERTAIN ELECTIONS
### PLEASE READ THIS ENTIRE NOTICE CAREFULLY

> ### YOU MUST MAKE YOUR ELECTION ON OR BEFORE
> ### JUNE [ ], 2016 at 11:59 p.m. (Eastern Time)

On April [ ], 2016, the Bankruptcy Court entered an order confirming the Plan Debtors' Fourth Amended Joint Plan of Reorganization [Docket No. ____] (the "Plan"). In connection with Confirmation, the Committee Settlement Agreement[2] was approved, and the Class 5 Cash Out Option was incorporated into the Plan. The Class 5 Cash Out Option provides Holders of Allowed Claims in Class 5A with the right, under certain circumstances, to receive Cash, instead of equity in the Reorganized Parent, in the total amount of up to $2 million. The Cash would be paid on account of Allowed Claims in Class 5A in an amount equal to the value under the Plan of the Class 5A Equity that Holders would have otherwise received, but discounted by 25% from such plan value (to reflect the payment of Cash rather than illiquid shares). As described below, Holders of Claims in Class 5A in the amount of $1,000,000.00 or less will be deemed to have elected the Class 5 Cash Out Option unless they make a contrary election, and all other Holders of Claims in Class 5A must elect to receive Cash or they will receive Class 5A Equity.

WHY SHOULD HOLDERS OF CLAIMS IN CLASS 5A CONSIDER THE CASH OUT OPTION?

Although the Creditors' Committee may not provide legal or financial advice to Holders of Claims in Class 5A, the Creditors' Committee believes that receiving Cash instead of Class 5A Equity may

---

[1] The Debtors are the following 21 entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Molycorp, Inc. (1797); Industrial Minerals, LLC; Magnequench, Inc. (1833); Magnequench International, Inc. (7801); Magnequench Limited; Molycorp Advanced Water Technologies, LLC (1628); MCP Callco ULC; MCP Canada Holdings ULC; MCP Canada Limited Partnership; MCP Exchangeco Inc.; Molycorp Chemicals & Oxides, Inc. (8647); Molycorp Luxembourg Holdings S.à r.l.; Molycorp Metals & Alloys, Inc. (9242); Molycorp Minerals Canada ULC; Molycorp Minerals, LLC (4170); Molycorp Rare Metals Holdings, Inc. (4615); Molycorp Rare Metals (Utah), Inc. (7445); Neo International Corp.; PP IV Mountain Pass, Inc. (1205); PP IV Mountain Pass II, Inc. (5361); RCF IV Speedwagon Inc. (0845).

[2] Capitalized terms used in this Notice that are not otherwise defined have the meanings given to them in the Plan.

be advantageous for Holders of Claims that are relatively small in value, as such Holders will receive Cash and avoid receiving only a few shares of Class 5A Equity (i.e., a Pro Rata share of 7.5% of the Reorganized Parent Common Equity, subject to dilution by the MIP).

For example, a Holder of an Allowed Class 5A Claim in the amount of $50,000 is estimated to recover approximately 2.5% as set forth in the Plan Settlement Summary [Docket No. 1393]. However, using the Plan Debtors' midpoint valuation of $417 million, such $50,000 Class 5A Claim would only receive approximately .0003% of the equity value attributable to Reorganized Parent Common Equity[3], subject to dilution by the MIP. Given, among other things, the administrative inconvenience of holding what would be very few shares and the fact that such shares will not be transferable, receiving Cash may be the best option for such a Holder.

1. ***Certain Holders Receiving Cash Absent Opt Out.*** If you are a Holder of an Allowed Claim in Class 5A in an amount which is less than $1,000,000.00 you will receive Cash, subject to the Class 5 Cash Out Oversubscription, and do not have to take any further steps in order to receive Cash. However, <u>if you want to receive Class 5A Equity instead of Cash you must timely elect through Prime Clerk or DTC to opt out of receiving Cash.</u>

2. ***Certain Holders Electing Cash Instead of Class 5A Equity.*** All other Holders of Allowed Claims in Class 5A (i.e. those with Claims in excess of $1,000,000.00) may timely elect through Prime Clerk or DTC to receive Cash instead of Class 5A Equity, subject to the Class 5 Cash Out Oversubscription. However, if no timely election is made on or before June [__], 2016, such Holders will receive Class 5A Equity and do not have to take any further steps in order to receive Class 5A Equity.

3. ***Election to Reduce Claim.*** There is only $2 million available to make Cash payments to Class 5 Cash Out Creditors (subject to the Plan Debtors or Reorganized Plan Debtors, with the consent of the Creditors' Committee, determining that more Cash will be provided to allow additional Class 5 Cash Out Creditors to receive Cash distributions at the Imputed Value). Therefore, it is possible that too many Holders will attempt to participate in the Class 5 Cash Out Option thereby causing a shortfall of available Cash. In the event that there are too many Class 5 Cash Out Creditors to cash out all such Holders, Class 5 Cash Out Creditors will be cashed out in order of smallest claims first until the entire $2 million has been used. Given the "smallest to largest" mechanism, Holders of smaller Claims have a greater chance of being cashed out than holders of larger Claims. It is impossible, at this stage, to determine the break point at which all Claims below such point will be cashed out and it will depend on how many Holders elect (or are deemed to have elected) the Class 5 Cash Out Option. **Given that uncertainty, the Plan allows each Holder that elects the Class 5 Cash Out Option (or is deemed to have elected) to elect, through Prime Clerk or DTC, to have its Claim reduced in amount, which such Holder can determine in its sole discretion, in order to improve such Holder's chances of receiving Cash.**

---

[3] Similarly, a $100,000 Class 5A Claim would only receive approximately .0006% of the imputed equity value attributable to Reorganized Parent Common Equity, and a $250,000 Class 5A Claim would only receive approximately .0014% of the imputed equity value attributable to Reorganized Parent Common Equity.

**If a Holder reduces its Class 5A Claim and nevertheless receives no Cash (or a combination of Cash and Class 5A Equity) on account of the Class 5A Cash Out Option, such Holder's Class 5A Claim will be reinstated to the original Allowed amount and any distribution of Class 5A Equity will be made based on such amount.** It is possible that a Holder electing the Class 5 Cash Out Option may receive a combination of Cash and Class 5A Equity if there is insufficient Cash to distribute to all electing Holders, and reducing a Class 5A Claim to a smaller amount and being treated as a Class 5 Cash Out Creditor is not a guaranty that such Holder will receive Cash, and it is possible such Holder will nevertheless receive Class 5A Equity. For the avoidance of doubt, any Class 5 Cash Out Creditor must elect (or be deemed to elect) to have all or none of its Allowed Claims in Class 5A receive Cash, subject to the Class 5 Cash Out Oversubscription. There will be no partial Claims elections allowed.

**ADDITIONAL INFORMATION**

A Holder of a Claim in Class 5A is entitled to make the elections set forth herein; provided, that such elections are made by June [ ], 2016 at 11:59 p.m. (Eastern Time) (the "Election Deadline").

**IN ORDER TO MAKE AN ELECTION YOU MUST ACCESS PRIME CLERK LLC'S ("PRIME CLERK") WEBSITE AT HTTPS://CASES.PRIMECLERK.COM/MOLYCORP AND CLICK ON THE LINK "SUBMIT E-BALLOT". THEN, YOU MUST FOLLOW THE INSTRUCTIONS PROVIDED BY PRIME CLERK IN THE LINK AND COMPLETE THIS PROCESS BY THE ELECTION DEADLINE. THIS IS THE ONLY WAY TO MAKE THE ELECTION -- ELECTRONICALLY WITH PRIME CLERK -- THERE IS NO OTHER METHOD.**

For further information or if you have any questions regarding the content of this notice, please contact Jocelyn Kuo, by phone or email, at (212) 318-6749 or jocelynkuo@paulhastings.com.

FOR YOUR CONVENIENCE, CERTAIN PLAN DEFINITIONS AND PROVISIONS IN THE PLAN REFERENCED ABOVE ARE SET FORTH BELOW, ALL AS MORE FULLY DESCRIBED IN THE PLAN.

*Certain Defined Terms from the Plan:*

>   I.A.37 **"Class 5 Cash Out Creditors"** means Holders of Allowed Claims in Class 5A that (i) elect to receive Cash, rather than Class 5A Equity by and pursuant to the Class 5A Cash Election Procedure and Deadline or (ii) (a) hold such Claim in Class 5A in an amount which is less than $1,000,000.00 and (b) fail to opt-out of receiving Cash instead of Class 5A Equity by and pursuant to the Class 5A Cash Election Procedure and Deadline.

>   I.A.38 **"Class 5 Cash Out Option"** means, if the Downstream Businesses Sale Trigger does not occur, the right of Class 5 Cash Out Creditors, subject to the Class 5 Cash Out Oversubscription and the provisions of Section IV.A.2 of this Plan, to receive a Cash payment on account of their Allowed Claim in Class 5A in an amount equal to the Imputed Value of the Class 5A Equity, which amounts shall be paid solely from the Class 5A Stand-Alone Cash Distribution; *provided*, that any and all Class 5A Equity that is not distributed to Holders of Allowed Claims electing the Class 5 Cash

Out Option shall be distributed to Holders of Allowed Claims in Class 5A, which are receiving Class 5A Equity, on a Pro Rata basis.

**I.A.39 "Class 5 Cash Out Oversubscription"** means the point at which the aggregate amount of Cash to be paid to Class 5 Cash Out Creditors would result in payments of Cash by the Plan Debtors or Reorganized Plan Debtors in excess of the Class 5A Stand-Alone Cash Distribution.

**I.A.40 "Class 5A Equity"** means 7.5% of the Reorganized Parent Common Equity, subject to dilution by the MIP.

**I.A.41 "Class 5A Cash Election Procedure and Deadline"** means the process of making the applicable election, through Prime Clerk, on or before the date that is forty-five (45) Business Days after the Confirmation Date all as more fully described in the Notice of Class 5A Cash Out Election, which notice shall be an exhibit to the Confirmation Order.

**I.A.43 "Class 5A Stand-Alone Cash Distribution"** means $2 million in Cash, which Cash shall be used to fund the Class 5 Cash Out Option if the Downstream Businesses Sale Trigger does not occur; provided, that to the extent there is excess Cash after the Class 5 Cash Out Creditors receive their distributions, such Cash shall be distributed to Holders of Allowed Claims in Class 5A on a Pro Rata basis.

**I.A.112 "Imputed Value"** means the imputed value of the Class 5A Equity, which shall be calculated using the Plan Debtors' midpoint valuation of $417 million, multiplied by .75; *provided,* that Imputed Value shall be utilized solely in connection with the Class 5 Cash Out Option.

*Means for Implementation of the Plan: 9019 Settlement – Class 5 Cash Out Option*

**IV.A.2** Within two (2) Business Days of the Confirmation Date, a notice shall be sent to all Holders of Allowed Claims in Class 5A notifying them of the Class 5A Cash Election Procedure and Deadline and explaining certain elections that such Holders may make, as applicable, through electronic submission to Prime Clerk.

In connection with implementing the Class 5 Cash Out Option, Holders of Allowed Claims in Class 5A may elect through Prime Clerk to have their Claim reduced in amount, which each such Holder will determine in its sole discretion. In the event of a Class 5 Cash Out Oversubscription, Cash shall be distributed from the Class 5A Stand-Alone Distribution to Class 5A Cash Out Creditors in order of smallest Claim to largest Claim until all funds in the Class 5A Stand-Alone Cash Distribution are depleted; *provided,* that the Reorganized Plan Debtors may (i) with the consent of the Creditors' Committee, determine that more Cash will be provided to allow additional Class 5 Cash Out Creditors to receive Cash distributions at the Imputed Value of Class 5A Equity or (ii) distribute Class 5A Equity to Class 5 Cash Out Creditors in accordance with the Plan. Furthermore, if a Holder of an Allowed Class 5A Claim elects to reduce its Claim amount and such Holder does not receive Cash (or receives a combination of Cash and Class 5A Equity) on account of its reduced Claim, such Holder's Claim will be reinstated to its original Allowed amount and any

distributions of Class 5A Equity will be based on such reinstated amount. For the avoidance of doubt, Holders of Allowed Claims in Class 5A shall be required to elect that all or none of their Allowed Claims receive Cash in connection with electing to be treated as a Class 5 Cash Out Creditor, no partial elections shall be allowed.

> **YOU MUST MAKE ANY ELECTIONS BY THE ELECTION DEADLINE OF JUNE [ ], 2016 at 11:59 p.m. (Eastern Time)**

## ELECTRONIC ELECTION INFORMATION AND INSTRUCTIONS FOR COMPLETING THE FORM

1.  In the box provided in Item 1 on the electronic form, if you wish to elect the Class 5 Cash Out Option for all of your Claims in Class 5A you must insert a check mark in the box.

2.  In the box provided in Item 2 on the electronic form, if you are receiving or elected the Class 5 Cash Out Option and want to reduce the amount of your Claim you must insert the specific reduced dollar amount (in whole dollars) of your Class 5A Claim (e.g., if your Class 5A Claim is $100,000 and you want to reduce it to $50,000, type in $50,000).

3.  In the box provided in Item 3 on the electronic form, solely to the extent that your Claim is less than $1,000,000.00, you may opt out of receiving Cash and instead receive Class 5A Equity but you must insert a check mark in the box.

**Complete the election form using Prime Clerk's website by using the below instructions:**

> By electronic, online submission:
>
> Please visit http://cases.primeclerk.com/molycorp. Click on the "E-Ballot" section of the Debtors' website and follow the directions to submit your election. Submit your form via Prime Clerk's E-Ballot system, you should <u>not</u> return a hard copy of your form.
>
> **IMPORTANT NOTE: You will need the following information to retrieve and submit your customized election form:**
>
> **Unique election form ID#:** _____
>
> Please note that if you hold any of the Convertible Notes or 10% Notes (collectively, the "**Notes**") and wish to make any of the three (3) elections noted above, please see the below instructions.

**ELECTION BY HOLDERS OF NOTES THROUGH DTC**

-5-