# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| MOLYCORP MINERALS, LLC., *et al.*,[1] | : | Case No. 15-11371 (CSS) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | **Obj. Deadline: July 25, 2016 at 4 pm ET** |
| | : | **Hearing Date: September 6, 2016 at 10 am ET** |

----------------------------------------------------------------x

## MOTION OF CHAPTER 11 TRUSTEE FOR AUTHORITY TO ENTER INTO FIRST AMENDMENT TO PRIME CLERK LLC ENGAGEMENT AGREEMENT ALTERING, AMENDING, AND CLARIFYING THE TERMS OF THE RETENTION AND EMPLOYMENT OF PRIME CLERK LLC AS CLAIMS AND NOTICING AGENT IN THE MOLYCORP MINERALS DEBTORS' CASES ONLY

Paul E. Harner, the appointed chapter 11 trustee (the "Trustee") in the above-captioned chapter 11 cases of Molycorp Minerals, LLC, et al. (collectively the "Molycorp Minerals Debtors"), hereby submits this motion ("Motion") for the entry of an order authorizing the Trustee to enter into a First Amendment to Prime Clerk LLC Engagement Agreement altering, amending, and clarifying the terms of the retention and employment of Prime Clerk LLC ("Prime Clerk") as claims and noticing agent in the Molycorp Minerals Debtors' cases only.  In support of this Motion, the Trustee respectfully represents as follows:

### JURISDICTION & VENUE

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* of the United States District Court for the District of Delaware, dated as of February 29, 2012.

---

[1]  The Debtors are the following 6 entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Molycorp Minerals, LLC (4170); Industrial Minerals, LLC; Molycorp Advanced Water Technologies, LLC (1628); PP IV Mountain Pass, Inc. (1205); PP IV Mountain Pass II, Inc. (5361); and RCF IV Speedwagon Inc. (0845).

2.      This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4.      On June 25, 2015 (the "Petition Date"), the Molycorp Minerals Debtors and fifteen affiliates thereof (the "Plan Debtors") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court.[2]

5.       From June 29, 2015, through April 13, 2016, the cases of the Molycorp Minerals Debtors were consolidated for procedural purposes only and administered jointly with the cases of the Plan Debtors under the docket of Molycorp, Inc., Case No. 15-11357.  The principal asset involved in the cases of the Molycorp Minerals Debtors is a rare earth minerals mining facility and processing plant located in San Bernardino County, California.

6.      During this period of joint administration, the Plan Debtors and the Molycorp Minerals Debtors filed an *Application of Debtors for an Order Authorizing the Appointment of Prime Clerk LLC as Claims and Noticing Agent* [Plan Debtors Dkt. No. 3] (the "Prime Clerk Application").

7.      On June 26, 2015, this Court granted the Prime Clerk Application and entered an *Order Authorizing the Debtors to Appoint Prime Clerk LLC as Claims and Noticing Agent* [Plan Debtors Dkt. No. 78] ("Prime Clerk Order"), which, among other things: (a) approved the terms of the Prime Clerk LLC Engagement Agreement dated March 16, 2015 (the "Engagement Agreement"); (b) concluded Prime Clerk has the capability and experience to provide claims and

---

[2] The Plan Debtors include Molycorp, Inc.; Magnequench, Inc.; Magnequench International, Inc.; Magnequench Limited; MCP Callco ULC; MCP Canada Holdings ULC; MCP Canada Limited Partnership; MCP Exchangeco Inc.; Molycorp Chemicals & Oxides, Inc.; Molycorp Luexmbourg Holdings S.a. r.l.; Molycorp Metals & Alloys, Inc.; Molycorp Minerals Canada ULC; Molycorp Rare Metals Holdings, Inc.; Molycorp Rare Metals (Utah), Inc.; and Neo International Corp.

noticing services; and (c) concluded that Prime Clerk is a disinterested person  A true and correct copy of the Engagement Agreement is attached hereto as <u>Exhibit A</u>.

8.      Pursuant to the Engagement Agreement, Prime Clerk was to serve as claims and noticing agent in a single jointly administered case for both the Plan Debtors and the Molycorp Minerals Debtors.

9.      On April 8, 2016, this Court entered Findings of Fact, Conclusions of Law and Order Confirming the Plan Debtors' Fourth Amended Plan of Reorganization [Plan Debtors Dkt. No. 1580] (the "<u>Confirmation Order</u>") confirming the Plan Debtors' Fourth Amended Joint Plan of Reorganization (the "<u>Plan</u>") and approving certain settlement agreements.  Prior to entry of the Confirmation Order, the Plan was withdrawn as to the Molycorp Minerals Debtors.  The effective date of the Plan has not yet occurred.

10.      On April 8, 2016, the same day that the Confirmation Order was entered, the Molycorp Minerals Debtors filed a motion seeking to convert their chapter 11 cases to cases under chapter 7 of the Bankruptcy Code.  Several creditors and parties in interest objected to the proposed conversion.  On April 13, 2016, after considering argument and evidence concerning the Molycorp Minerals Debtors' motion to convert their cases and the objections thereto, this Court entered an Order (I) Directing the United States Trustee to Appoint a Chapter 11 Trustee for the Chapter 11 Cases of Industrial Minerals, LLC; Molycorp Advanced Water Technologies, LLC; Molycorp Minerals, LLC; PP IV Mountain Pass II, Inc.; PP IV Mountain Pass, Inc.; and RCF IV Speedwagon Inc.; (II) Amending the Debtors' Joint Administration Order and (III) Granting Related Relief (Molycorp Minerals Debtors Dkt. No. 8, the "<u>Trustee Order</u>").

11.      Pursuant to the Trustee Order, the Molycorp Minerals Debtors' cases were withdrawn from, and are no longer jointly administered for procedural purposes with, the Plan

Debtors' cases.  The cases of the Plan Debtors continue to be administered under the docket of

Molycorp, Inc., Case No. 15-11357.  Pursuant to the Trustee Order, the Molycorp Minerals

Debtors' cases remain consolidated with each other for procedural purposes only and are jointly

administered.

12.     On May 2, 2016 (the "Appointment Date"), pursuant to section 1104(a)(2) of the

Bankruptcy Code, the United States Trustee appointed Paul E. Harner as the trustee of the

Molycorp Minerals Debtors.  On May 3, 2016, this Court entered a Corrected Order Approving

Appointment of Trustee, which order approved the appointment of Mr. Harner as trustee.

(Molycorp Minerals Debtors Dkt. No. 24).

## RELIEF REQUESTED

13.     By this Motion, the Trustee seeks the entry of an order approving a First

Amendment to the Engagement Agreement (the "Amendment"), a true and correct copy of

which is attached hereto as Exhibit B.  The Amendment alters, amends, and clarifies the terms

upon which Prime Clerk will serve as the claims and noticing agent for the Molycorp Minerals

Debtors' cases, separate and apart from the cases of the Plan Debtors.  The Amendment will not

alter the terms of Prime Clerk's engagement in the cases of the Plan Debtors.

## BASIS FOR RELIEF REQUESTED

14.     Local Rule 2002-1(f) requires debtors to retain a claims and noticing agent if

there are more than 200 creditors or parties in interest on the creditor matrix.  Here, there are

more than 200 creditors listed on the schedules and claims registry for the Molycorp Minerals

Debtors, and, as a result, appointment of a claims and noticing agent is required.

15.     Because Prime Clerk already maintains a claims registry related to the Molycorp

Minerals Debtors, all proofs of claim filed related to the Molycorp Minerals Debtors, a website

related to the cases, and records relating to the noticing addresses for creditors, and is otherwise generally familiar with these cases and the creditors, parties in interest, and professionals involved, the Trustee concluded that the continued retention of Prime Clerk to continue to provide services as claims and noticing agent in the Molycorp Minerals Debtors' cases would be the most economical and efficient means of complying with Local Rule 2002-1(f).

16.    Because the Trustee believes, however, that the estates of the Molycorp Minerals Debtors should not be responsible for any of the costs of services provided by Prime Clerk in the cases of the Plan Debtors from and after the date on which the Trustee Order was entered, the Trustee concluded that an amendment to the Engagement Agreement was necessary to, among other things, insure that (a) the Molycorp Minerals Debtors are only charged for services provided in connection with their cases, (b) no further retainer would be required, and (c) the records and filings relating only to the Molycorp Minerals Debtors' cases are maintained separately and are separately accessible in one location on the website maintained by Prime Clerk.

17.    The Amendment accomplishes all of these objectives.  It provides that Prime Clerk will provide claims and noticing services going forward in the cases of the Molycorp Minerals Debtors according to the same fee schedule that was approved in the Prime Clerk Order, and it amends, alters, and clarifies how Prime Clerk will provide services going forward. The Amendment clarifies that Prime Clerk will maintain claims and noticing website for the Molycorp Minerals Debtors, separate from the claims and noticing website it maintains for the Plan Debtors, and will prepare and maintain a creditor matrix for the Molycorp Minerals Debtors, separate from the creditor matrix it maintains for the Plan Debtors.  The Amendment also clarifies that the Molycorp Minerals Debtors will not be charged for services that Prime

Clerk provides (or provided) to the Plan Debtors on and after April 13, 2016, the date on which the Trustee Order was entered.

18.     Accordingly, the Trustee requests that this Court approve the Amendment and authorize the continued retention of Prime Clerk in the cases of the Molycorp Minerals Debtors, on the terms and subject to the conditions set forth therein.

## NOTICE

19.     Notice of this Motion been provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) the creditors holding the 20 largest unsecured claims against the Debtors' estates (on a consolidated basis); (c) the Internal Revenue Service, 844 King Street, Wilmington, DE 19801, Attn: District and Regional Directors; (d) Prime Clerk; and (e) those parties who have formally filed requests for notice in the Molycorp Minerals Debtors' cases pursuant to Bankruptcy Rule 2002.  The Trustee submits that, under the circumstances, no other or further notice is required.

## NO PRIOR REQUEST

20.     No previous request for the relief sought herein has been made by the Trustee to this or any other court.

## LOCAL RULE 9013-1(f) STATEMENT

21.     The Trustee hereby consents to the entry of a final order or judgment by this Court if it is determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

**WHEREFORE,** the Trustee respectfully requests that the Court enter an order, substantially in the form submitted herewith granting (i) the relief requested in this Motion and (ii) such other and further relief as the Court deems proper.

Dated: July 11, 2016  
Wilmington, Delaware

/s/ Matthew G. Summers

Tobey M. Daluz, Esquire (No. 3939)  
Matthew G. Summers, Esquire (No. 5533)  
Leslie C. Heilman, Esquire (No. 4716)  
BALLARD SPAHR LLP  
919 North Market Street, 11th Floor  
Wilmington, Delaware 19801  
Telephone: (302) 252-4465  
Facsimile: (302) 252-4466  
E-mail: daluzt@ballardspahr.com  
      summersm@ballardspahr.com  
      heilmanl@ballardspahr.com

and

Vincent J. Marriott, III, Esquire  
BALLARD SPAHR LLP  
1735 Market Street, 51st Floor  
Philadelphia, PA 19103  
Telephone: (215) 864-8236  
Facsimile: (215) 864-9762  
E-mail: marriott@ballardspahr.com

and

Dawn A. Messick, Esquire  
Ballard Spahr LLP  
655 West Broadway, Suite 1600  
San Diego, CA 92101-8494  
Telephone: (619) 696-9200  
Facsimile: (619) 696 -9269  
E-mail: messickd@ballardspahr.com

*Counsel for Paul E. Harner as Chapter 11 Trustee*