**<u>EXHIBIT B</u>**

FIRST AMENDMENT TO PRIME CLERK LLC ENGAGEMENT AGREEMENT

This First Amendment to Prime Clerk LLC Engagement Agreement dated as of June 22, 2016, is entered into by and between Prime Clerk LLC ("Prime Clerk") and Paul E. Harner (the "Trustee"), not individually but solely in his capacity as chapter 11 trustee for Molycorp Minerals, LLC, Industrial Minerals, LLC, Molycorp Advanced Water Technologies, LLC, PP IV Mountain Pass, Inc., PP IV Mountain Pass II, Inc., and RCF IV Speedwagon Inc. (collectively, the "Molycorp Minerals Debtors").

## RECITALS

A.    On June 25, 2015 (the "Petition Date"), the Molycorp Minerals Debtors and fifteen affiliates thereof (the "Plan Debtors") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

B.    From June 29, 2015, through April 13, 2016, the cases of the Molycorp Minerals Debtors were consolidated for procedural purposes only and administered jointly with the cases of the Plan Debtors under the docket of Molycorp, Inc., Case No. 15-11357.

C.    During this period of joint administration, the Plan Debtors and the Minerals Debtors filed an *Application of Debtors for an Order Authorizing the Appointment of Prime Clerk LLC as Claims and Noticing Agent* [Plan Debtors Dkt. No. 3] (the "Prime Clerk Application").

D.    On June 26, 2015, the Bankruptcy Court granted the Prime Clerk Application and entered an *Order Authorizing the Debtors to Appoint Prime Clerk LLC as Claims and Noticing Agent* [Plan Debtors Dkt. No. 78] ("Prime Clerk Order"), which, among other things, (a) approved the terms of the Prime Clerk LLC Engagement Agreement dated March 16, 2015 (the "Engagement Agreement"), (b) concluded Prime Clerk has the capability and experience to provide claims and noticing services, and (c) concluded that Prime Clerk is a disinterested person. A true and correct copy of the Engagement Agreement is attached hereto as Exhibit A.

E.    Pursuant to the Engagement Agreement, Prime Clerk was to serve as claims and noticing agent in a single jointly administered case for both the Plan Debtors and the Molycorp Minerals Debtors.

F.    On April 8, 2016, the Bankruptcy Court entered Findings of Fact, Conclusions of Law and Order Confirming the Plan Debtors' Fourth Amended Plan of Reorganization [Plan Debtors Dkt. No. 1580] (the "Confirmation Order") confirming the Plan Debtors' Fourth Amended Joint Plan of Reorganization (the "Plan") and approving certain settlement agreements. Prior to entry of the Confirmation Order, the Plan was withdrawn as to the Molycorp Minerals Debtors. The effective date of the Plan has not yet occurred.

G.    On April 8, 2016, the same day that the Confirmation Order was entered, the Molycorp Minerals Debtors filed a motion seeking to convert their chapter 11 cases to cases under chapter 7 of the Bankruptcy Code. Several creditors and parties in interest objected to the

proposed conversion.  On April 13, 2016, after considering argument and evidence concerning the Molycorp Minerals Debtors' motion to convert their cases and the objections thereto, this Court entered an Order (I) Directing the United States Trustee to Appoint a Chapter 11 Trustee for the Chapter 11 Cases of Industrial Minerals, LLC; Molycorp Advanced Water Technologies, LLC; Molycorp Minerals, LLC; PP IV Mountain Pass II, Inc.; PP IV Mountain Pass, Inc.; and RCF IV Speedwagon Inc.; (II) Amending the Debtors' Joint Administration Order and (III) Granting Related Relief (Minerals Debtors Dkt. No. 8, the "Trustee Order").

H.      Pursuant to the Trustee Order, the Molycorp Minerals Debtors' cases were withdrawn from, and are no longer jointly administered for procedural purposes with, the Plan Debtors' cases.  The cases of the Plan Debtors continue to be administered under the docket of Molycorp, Inc., Case No. 15-11357.  Pursuant to the Trustee Order, the Molycorp Minerals Debtors' cases remain consolidated with each other for procedural purposes only and are jointly administered.

I.      On May 2, 2016 (the "Appointment Date"), pursuant to section 1104(a)(2) of the Bankruptcy Code, the United States Trustee appointed Paul E. Harner as the trustee of the Molycorp Minerals Debtors.  On May 3, 2016, this Court entered a Corrected Order Approving Appointment of Trustee, which order approved the appointment of Mr. Harner as trustee. (Minerals Debtors Dkt. No. 24).

J.      The Trustee desires to continue to employ Prime Clerk as claims and noticing agent, but only upon the terms set forth herein.  Prime Clerk has agreed to continue to serve as claims and noticing agent in the cases of the Molycorp Debtors cases on the terms set forth herein.

NOW, THEREFORE, in consideration of the foregoing, the mutual covenants and agreements contained in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Prime Clerk and the Trustee mutually covenant, warrant, and agree as follows:

1.      Continued Effectiveness of Engagement Agreement.  Except as otherwise expressly stated herein, Prime Clerk will continue to provide claims and noticing services to the Molycorp Minerals Debtors on the terms contained and in accordance with the fee schedule set forth in the Engagement Agreement.

2.      No Responsibility to Pay for Services Provided to Plan Debtors.  From and after April 13, 2016, the Trustee and the estates of the Molycorp Minerals Debtors shall only be charged for, and responsible to pay for, fees and expenses incurred in connection with services provided by Prime Clerk to the Trustee and the Molycorp Minerals Debtors.  The Trustee and the Molycorp Minerals Debtors shall have no responsibility to pay fees and expenses for any services provided by Prime Clerk in the cases of the Plan Debtors.

3.      Separate Website and Creditor Matrix.  Prime Clerk: (a) shall establish and maintain a claims and noticing website for the Molycorp Minerals Debtors, separate from the claims and noticing website it maintains for the Plan Debtors, and a claims registry for the

Molycorp Minerals Debtors only, separate and part form the claims registry it maintains for the Plan Debtors; and (b) shall prepare and maintain a creditor matrix for the Molycorp Minerals Debtors, separate from the creditor matrix it maintains for the Plan Debtors. The separate website, claims registry, and creditor matrix shall in all respects comply with the terms required by the Engagement Agreement.

     4.   <u>No Indemnity for Services Rendered to Plan Debtors</u>.  The Trustee and the Molycorp Minerals Debtors shall have no responsibility to indemnify Prime Clerk for losses, claims, damages, judgments, liabilities and expenses, resulting from, arising out of or related to Prime Clerk's performance of services in connection with the cases of the Plan Debtors.

     5.   <u>No Retainer</u>.  The Trustee and the Molycorp Debtors shall not be required to provide Prime Clerk with any retainer or other advance.

     6.   <u>Notices</u>.  Notices required to be given to the Trustee shall be provided by hand-delivery, overnight courier, U.S. Mail (postage prepaid) or email and addressed as follows:

> Paul E. Harner
> Ballard Spahr LLP
> 919 Third Avenue, 37th Floor
> New York, New York 10022
> Tel: (646) 346-8020
> Fax: (212) 223-1942
> Email: harnerp@ballardspahr.com

With Copies to:

> Vincent J. Marriott III
> Ballard Spahr LLP
> 1735 Market Street, 51st Floor
> Philadelphia, Pennsylvania 19103
> Tel: (215) 864-8236
> Fax: (215) 864-9762
> Email: marriott@ballardspahr.com

> Matthew G. Summers
> Ballard Spahr LLP
> 919 N. Market Street, 11th Floor
> Wilmington, Delaware 19801
> Tel: (302) 252-4428
> Fax:  (302) 252-4466
> Email: summersm@ballardspahr.com

7.    <u>No Alteration of Plan Debtors' Engagement</u>.  Nothing herein shall alter, amend, change, or modify the terms upon which Prime Clerk is to provide services in the cases of the Plan Debtors.

**Prime Clerk LLC**

By:  Shai Waisman
Title:  CEO

**Molycorp Minerals, LLC**

By:  Paul E. Harner, not individually, but solely
in his capacity as chapter 11 trustee for the
Molycorp Minerals Debtors

4