## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| MOLYCORP MINERALS, LLC, *et al.*,[1] | : | Case No. 15-11371 (CSS) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | Related to Docket No. ___ |

---------------------------------------------------------------x

**ORDER GRANTING MOTION OF CHAPTER 11 TRUSTEE FOR AUTHORITY TO ENTER INTO FIRST AMENDMENT TO PRIME CLERK LLC ENGAGEMENT AGREEMENT ALTERING, AMENDING, AND CLARIFYING THE TERMS OF THE RETENTION AND EMPLOYMENT OF PRIME CLERK LLC AS CLAIMS AND NOTICING AGENT IN THE MOLYCORP MINERALS DEBTORS' CASES ONLY**

Upon consideration of the motion (the "Motion")[2] of Paul E. Harner, the appointed chapter 11 trustee (the "Trustee") in the above-captioned chapter 11 cases of Molycorp Minerals, LLC, et al. (collectively, the "Molycorp Minerals Debtors"), entry of an order authorizing the Trustee to enter into First Amendment to Prime Clerk LLC Engagement Agreement altering, amending, and clarifying the terms of the retention and employment of Prime Clerk LLC ("Prime Clerk") as claims and noticing agent in the Molycorp Minerals Debtors' cases only; it appearing that the relief requested is in the best interests of the Molycorp Minerals Debtors, their estates, their creditors, and other parties in interest; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of

---

[1] The Debtors are the following 6 entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Molycorp Minerals, LLC (4170); Industrial Minerals, LLC; Molycorp Advanced Water Technologies, LLC (1628); PP IV Mountain Pass, Inc. (1205); PP IV Mountain Pass II, Inc. (5361); and RCF IV Speedwagon Inc. (0845).

[2] Capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

Delaware dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and this Court finding that the legal and factual basis set forth in the Motion; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The terms of the Amendment are hereby approved and the Trustee is authorized to execute and deliver the Amendment.

3. The Trustee is authorized to continue to employ Prime Clerk as the claims and noticing agent for the Molycorp Minerals Debtors on the terms set forth in the Engagement Agreement, as amended by the Amendment, and Prime Clerk is authorized and directed to perform noticing services and to receive, maintain, record, and otherwise administer proofs of claim filed the cases of the Molycorp Minerals Debtors, and all related tasks described in the Engagement Agreement, as amended by the Amendment.

4. Prime Clerk shall establish and maintain claims and noticing website for the Molycorp Minerals Debtors, separate from the claims and noticing website it maintains for the Plan Debtors.

5. Prime Clerk shall prepare and maintain a creditor matrix for the Molycorp Minerals Debtors, separate from the creditor matrix it maintains for the Plan Debtors.

6. The Trustee is authorized to compensate Prime Clerk in accordance with the terms of the Engagement Agreement as amended by the Amendment, upon the receipt of

reasonably detailed invoices setting forth the services provided by Prime Clerk for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Prime Clerk to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

7. The estates of the Molycorp Minerals Debtors shall not be charged for any services provided on or after April 13, 2016, to the Plan Debtors or in connection with the Plan Debtors' cases.

Dated: _____, 2016  
Wilmington, Delaware

_____  
The Honorable Christopher S. Sontchi  
United States Bankruptcy Judge