**<u>EXHIBIT A</u>**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| MOLYCORP MINERALS, LLC, *et al.*,[1] | : | Case No. 15-11371 (CSS) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | **Docket Ref. No. _____** |
| | : | |

------------------------------------------------------------x

**ORDER AUTHORIZING AND APPROVING PROCEDURES FOR THE SALE OF
SURPLUS ASSETS AND REMAINING INVENTORY FREE AND CLEAR
OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES
AND GRANTING CERTAIN RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of Paul E. Harner, as chapter 11 trustee (the "**Trustee**")

in the above-captioned chapter 11 cases of Molycorp Minerals, LLC, *et al.* (collectively, the

"**Minerals Debtors**") for entry of an order pursuant to Bankruptcy Code Sections 105(a) and 363

and Bankruptcy Rules 2002 and 6004(h), (i) authorizing and approving procedures for the sale of

Surplus Assets and Remaining Inventory free and clear of liens, claims, interests and

encumbrances, and (ii) granting certain related relief; and due and sufficient notice of the Motion

having been provided under the particular circumstances, and it appearing that no other or further

notice need be provided; and the Court having jurisdiction to consider the Motion and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the

Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2); and that this Court may enter a final order consistent with Article III of the United

---

[1]  The Minerals Debtors are the following 6 entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Molycorp Minerals, LLC (4170); Industrial Minerals, LLC; Molycorp Advanced Water Technologies, LLC (1628); PP IV Mountain Pass, Inc. (1205); PP IV Mountain Pass II, Inc. (5361); and RCF IV Speedwagon Inc. (0845).

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409;

and a hearing having been scheduled, and to the extent necessary, held to consider the relief

requested in the Motion; and upon all the proceedings had before the Court; and the Court having

found and determined that the relief requested in the Motion is in the best interests of the

Minerals Debtors, their estates and creditors, and any parties in interest; and that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      Pursuant to section 363(b) of the Bankruptcy Code and Bankruptcy Rule

2002(a)(2), the Trustee is authorized, but not required, to sell Surplus Assets and Remaining

Inventory in accordance with the following Surplus Asset and Remaining Inventory Sale

Procedures:

     a.      For any sale of Surplus Assets having an aggregate value less than or equal to $250,000, or any sale of Remaining Inventory regardless of value, the Trustee may proceed without further order of this Court, and subject only to any necessary consent ("**Consent**") of any party claiming a Lien on or in the Surplus Assets or Remaining Inventory that are included in such sale.  Any such sale will be free and clear of all Liens, with such Liens attaching only to the sale proceeds with the same validity, extent and priority as existed immediately prior to such sale.  For purposes of the foregoing, Consent to a proposed sale shall be deemed given by any party that does not object in writing to the Trustee within five business days of delivery of notice from the Trustee to such party (which notice may be made electronically) of such proposed sale, describing the terms thereof and the assets subject thereto.

     b.      For any sale of Surplus Assets having a value in excess of $250,000, and for any sale requiring Consent where such Consent is not obtained, the Trustee shall follow the Normal Requirements, to the extent applicable.

3.      Buyers of Surplus Assets and Remaining Inventory sold pursuant to the Surplus

Assets and Remaining Inventory Sale Procedures shall take title to the assets free and clear of all

Liens, pursuant to section 363(f) of the Bankruptcy Code.  All such Liens shall attach to the

proceeds of the sale with the same validity, extent and priority as existed immediately prior to such sale.

4.      Any holder of a Lien who Consents is deemed to have consented to such sale under section 363(f)(2) of the Bankruptcy Code.

5.      The sale of any Surplus Assets or Remaining Inventory shall be deemed an arm's-length transaction, and such sale shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

6.      Nothing in the Surplus Asset and Remaining Inventory Sale Procedures prevents the Trustee, in his sole discretion, from seeking separate approval by this Court, at any time, of any proposed sale upon notice and a hearing in accordance with the Normal Procedures, independent of the Surplus Asset or Remaining Inventory Sale Procedures.

7.      The Trustee is hereby authorized to take all actions he deems reasonably necessary and appropriate to effectuate the relief granted pursuant to this Order in accordance with the Motion, including paying any necessary fees and expenses incurred in connection with any sale of the Surplus Assets and Remaining Inventory (including, but not limited to, commission fees to agents, brokers, auctioneers and liquidators).

8.      Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.      This Court shall retain jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2016
        Wilmington, Delaware

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge