UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

```
-------------------------------------------------------x
In re:                                      :   Chapter 11
                                            :   Case No. 15-11371 (CSS)
MOLYCORP MINERALS, LLC, et al.¹             :   (Jointly Administered)
                                            :   Objection Deadline:
                     Debtors.               :   Hearing Date:
                                            :   Related to D.I. 296, 333
-------------------------------------------------------x
```

## MOTION FOR AN ORDER SHORTENING NOTICE FOR THE EMERGENCY MOTION OF THE STALKING HORSE BIDDER TO ENFORCE BIDDING PROCEDURES ORDER

ERP Strategic Minerals, LLC (the "Stalking Horse Bidder"), respectfully submits

this motion for an order, pursuant to sections 102(1) and 105(a) of title 11 of the Bankruptcy

Code, Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the District of Delaware (the "Local Rules"), scheduling an emergency

telephonic hearing on the *Emergency Motion of the Stalking Horse Bidder to Enforce Bidding

Procedures Order* (the "Motion"), filed contemporaneously herewith, in advance of the Auction²

scheduled to commence **tomorrow**, June 14, 2017, at 10:00 a.m. (ET), and shortening the time

for notice of and objections to the Motion.

### JURISDICTION

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334

and 157 and the *Amended Standing Order of Reference from the United States District Court for*

---

[1]   The Debtors are the following entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses):  Molycorp Minerals, LLC (4170); Industrial Minerals, LLC; Molycorp Advanced Water Technologies, LLC (1628); PP IV Mountain Pass, Inc. (1205); PP IV Mountain Pass II, Inc. (5361); and RCF IV Speedwagon Inc. (0845).

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures Order (defined below).

*the District of Delaware*, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory bases for the relief requested herein are sections 102(1) and 105(a) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9006 and Local Rule 9006-1(e).

**BACKGROUND**

3.    On May 15, 2017, this Court entered the *Order (A) Approving Bidding Procedures for the Sale of the Minerals Debtors' Business and Certain Related Assets, (B) Approving an Expense Reimbursement Payable to the Stalking Horse Bidder, (C) Scheduling the Auction and Sale Hearing, (D) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (E) Granting Related Relief* [ECF No. 296] (the "Bidding Procedures Order").

4.    Pursuant to the Bidding Procedures Order, the Stalking Horse Bidder's bid for the Purchased Assets is deemed to be a Qualified Bid.  Just before the Bid Deadline, MP Mine Operations LLC ("MPMO") submitted a competing bid (the "MPMO Bid"), which the Trustee improperly accepted as a Qualifying Bid.   The Auction is scheduled to begin tomorrow, June 14, 2017 at 10:00 a.m. (Eastern Time), with the MPMO Bid as the Baseline Bid.

**RELIEF REQUESTED**

5.    By this Motion to Shorten, the Stalking Horse Bidder respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, scheduling an emergency telephonic hearing on the Motion in advance of the Auction, and shortening the time for notice of and objections to the Motion.

## BASIS FOR RELIEF REQUESTED

6.      Section 102(1) of the Bankruptcy Code explains that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances.  11 U.S.C. § 102(1).

7.      Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).

8.      Local Rule 9006-1 requires "all motion papers [to] be filed and served . . . at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date." Del. Bankr. L.R. 9006-1(c). According to Local Rule 9006-1(e), however, the notice period may be shortened "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

9.      Moreover, according to Bankruptcy Rule 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1).  In exercising such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Phila. Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the commonality of such motions "given the accelerated time frame of bankruptcy proceedings"); *see also Hester v. NCNB Nat'l Bank (In re Hester)*, 899 F.2d 361, 364 n.3 (5th Cir. 1990) ("[M]otions for material reductions in the notice period are routinely granted by bankruptcy courts.").

10.    The Stalking Horse Bidder respectfully submits that shortening notice of the Motion is appropriate under these circumstances.  As set forth in the Motion, the MPMO Bid does not meet the requirements established by the Bidding Procedures to be a Qualified Bid and, even if it were a Qualified Bid, the MPMO Bid should be discounted to account for significant closing risks associated with the bid.  If the Trustee's determinations to accept the MPMO Bid as a Qualified Bid and not to discount the MPMO Bid to account for closing risk are not reviewed before the Auction, the Stalking Horse Bidder will be prejudiced by having to compete against unfair, non-complying bids, and there is a real risk of a flawed auction and a failed sales process.

## NOTICE

11.    Notice of this Motion to Shorten has been provided to:  (i) counsel to the Debtors; (ii) the U.S. Trustee; and (iii) counsel to MPMO.  In light of the nature of the relief requested herein, the Stalking Horse Bidder submits that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Stalking Horse Bidder respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested in this Motion to Shorten and such other and further relief as may be just and proper.

Dated: June 13, 2017

*/s/ N. Christopher Griffiths*
N. Christopher Griffiths (No. 5180)
Connolly Gallagher LLP
1000 West Street, Suite 1400
Wilmington, DE 19801
Telephone:  (302) 757-7300
Facsimile:  (302) 658-0380
Email:  cgriffiths@connollygallagher.com

- and -

Lauren Macksoud (*pro hac vice*)
Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020-1089
Telephone:  (212) 768-6700
Facsimile:    (212) 768-6800
Email:  lauren.macksoud@dentons.com

*Counsel for ERP Strategic Minerals, LLC*